702 So.2d 1384 (1997)
Robert H. CARR, III and Kathleen Carr, Individually and as Representative of All Persons Similarly Situated
v.
GAF, INC., GAF Building Materials Corp., State Roofing and Supply Company, Inc. and Fontaine Lumber Company, Inc.
No. 97-CC-2325.
Supreme Court of Louisiana.
November 14, 1997.
PER CURIAM.[*]
In this writ application, we are asked to determine whether defendants are entitled to *1385 suspensively appeal an interlocutory judgment of the trial court conditionally certifying a class of plaintiffs.

FACTS AND PROCEDURAL HISTORY
On August 14, 1996, plaintiffs filed a petition in the 18th JDC and a motion to conditionally certify a class action on behalf of "all persons and entities that presently own single family-residences on which there are or were GAF Timberline shingles and all persons or entities that own or previously owned single family residences and incurred or may incur any cost or expense" associated with the repair or replacement of GAF Timberline shingles.
On August 28, 1997, the trial court issued an ex parte order conditionally certifying the class requested by plaintiffs. Defendants filed a timely motion for leave to suspensively appeal this ruling, which was granted by the trial court. Plaintiffs subsequently filed a motion to dismiss the appeal arguing that defendants did not show irreparable injury as required for a suspensive appeal of an interlocutory ruling.
The court of appeal granted plaintiffs' motion to dismiss as follows:
MOTION TO DISMISS GRANTED. APPEAL DISMISSED. Defendant/appellants have not made the requisite showing of irreparable injury resulting from the class certification order. Accordingly, the appeal is hereby dismissed. However, the issues are reviewable under this Court's supervisory jurisdiction. Therefore, in the interest of judicial economy, the appeal has been converted to a writ application bearing number 97 CW 1882. All proceedings are stayed pending this Court's resolution of the writ application.
Defendants applied to this Court seeking expedited consideration and a stay of the court of appeal's consideration of the writ in order to avoid a premature ruling by the court of appeal.

DISCUSSION
Louisiana Code of Civil Procedure article 2083 A provides that an appeal may be taken "from an interlocutory judgment which may cause irreparable injury...." As the trial court's conditional grant of class certification is an interlocutory judgment, a suspensive appeal may only be taken if that judgment may cause irreparable injury. Irreparable injury occurs in those cases where the error in the ruling cannot as a practical matter be corrected on appeal after a trial on the merits. Brown v. New Orleans Public Service, Inc., 490 So.2d 271 (La.1986) (Lemmon, J. concurring). "For example, once the trial court overrules an exception to the venue and the case is tried on the merits in the wrong venue, an appellate court has no practical means of correcting the error on appeal." Herlitz Construction Co., Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981) (per curiam).
Louisiana courts have repeatedly held that an interlocutory ruling certifying a large class of plaintiffs may, in some cases, create irreparable harm to the defendants and thus justify appellate review. Major Banks, et al. v. New York Life Ins. Co., et al., 97-1996 (La. 7/29/97) 697 So.2d 592 (trial court certification of large class of plaintiffs who bought whole life and universal life insurance policies from defendants is a suspensively appealable interlocutory judgment); Richardson v. American Cyanamid Co., 95-898 (La.App. 5th Cir. 4/16/96), 672 So.2d 1161, writ denied, 96-1556 (La.9/27/96), 679 So. 1344; Adams v. CSX Railroads, 615 So.2d 476 (La.App. 4th Cir.1993).
In the instant case, defendants have met their burden of proving irreparable injury resulting from the class certification, thereby entitling them to a suspensive appeal of the interlocutory judgment under La. C.C.P. 2083 A. If the present class remains certified, defendants face a nationwide class potentially consisting of hundreds of thousands of plaintiff-consumers, all asserting a variety of causes of action brought under fifty different state laws. Under these particular circumstances, defendants have made a sufficient showing of irreparable harm and should be allowed to suspensively appeal the trial court's decision to certify the class.
This case is factually distinguishable from Cotton v. Gaylord Chemical Corp., 96-2426 (La.10/25/96), 680 So.2d 1187, which presented an instance in which this Court prohibited a party challenging a class certification order *1386 from proceeding via a suspensive appeal. In Cotton, a case which involved a contest between two groups of plaintiffs, we held that a challenge of the trial court's certification made by a group of plaintiffs could not be taken as a suspensive appeal because there was no showing of irreparable injury. In that case, a small group of plaintiffs complained that the certification of the class was improper because, inter alia, the class was drawn too broadly. There, the parties challenging the class certification simply could not demonstrate irreparable injury, as the broadly defined class included them in the action, and, if they elected not to participate in the class, they had the opportunity to opt out of the class. Such alternatives are obviously not available to a defendant who challenges the certification of a class.
For the reasons stated herein, defendants' writ application is granted. The judgment of the court of appeal is vacated and set aside. Defendants' suspensive appeal is reinstated and the case is remanded to the court of appeal for further proceedings on an expedited basis.
VACATED AND REMANDED.
JOHNSON, J., concurs in the results.
NOTES
[*] KNOLL, J., not on panel. Rule IV, Part 2, § 3.