849 So.2d 608 (2003)
Jeffrey W. MIRE, Shane M. O'Quin, and Barbara T. Estes, and a Class of Similarly Situated Individuals
v.
EATELCORP, INC., Primco Personal Communications, L.P. d/b/a Verizon Wireless and Spring PCS, Inc.
No. 2002 CA 1705, 2002 CW 0737.
Court of Appeal of Louisiana, First Circuit.
May 9, 2003.
*611 Leonard Cardenas, III, Randall L. Estes, Baton Rouge, for Appellees Plaintiffs Jeffrey W. Mire, et al.
Gordon D. Polozola, G. William Jarman, Glenn N. Farnet, Jeffrey N. Boudreaux, Baton Rouge, for Appellant Defendant EatelCorp., Inc.
Thomas A. Roberts, New Orleans, for Appellee Defendant Verizon Wireless.
Panel composed of Judges FRANK FOIL, PAGE McCLENDON and WILLIAM F. KLINE, Jr.
FOIL, J.
This is an appeal by defendant, Eatel-Corp., Inc., challenging the decision of the trial court to certify a class action. For the following reasons, we affirm.

FACTS AND PROCEDURAL BACKGROUND
Plaintiffs, Jeffery W. Mire, Barbara T. Estes and a class of similarly situated individuals, filed this class action against defendant, EatelCorp., Inc., on behalf of all consumers who purchased a PCS telephone from Eatel. They alleged that Eatel did not adequately inform customers that their Eatel PCS phones could only be used on an Eatel PCS network, and if they canceled their Eatel PCS service, their phones could not be reprogrammed to work on another provider's network unless they paid a fee for a reprogramming code, or subsidy lock. Plaintiffs asserted several theories of liability, including fraud, breach of contract, and negligent misrepresentation, but abandoned those theories *612 and argued their case under the theory of redhibition. Eatel opposed plaintiffs' motion to certify a class, contending that this fraud/misrepresentation case will require plaintiff-by-plaintiff adjudication of liability and defense issues. Following a certification hearing, the trial court granted plaintiffs' motion and certified a class.
Eatel filed a motion for suspensive appeal regarding the class certification and also, out of an abundance of caution, a notice of intent to apply for supervisory writs. The trial court assigned a date for Eatel to seek writs and denied the suspensive appeal.
Eatel then filed two writ applications with this court: 2002 CW 0719, which challenges the trial court's denial of its motion for suspensive appeal and 2002 CW 0737, which challenges the trial court's certification of the class action. This court granted the writ in 2002 CW 0719, vacating the trial court's order denying Eatel's motion for suspensive appeal and remanding for entry of an order of appeal. Plaintiffs' application for writs from the supreme court was denied. Accordingly, Eatel's appeal was then lodged with this court. Writ number 2002 CW 0737 was referred to this panel to be handled in conjunction with this appeal.

STANDARD OF REVIEW
The trial court's decision to certify a class action is a two-step process. Therefore, appellate review of such decisions must also follow a two-step analysis. The trial court must first determine whether a factual basis exists for certifying the matter as a class action. These factual findings are subject to review by the appellate court pursuant to the manifest error standard. Singleton v. Northfield Insurance Company, 01-0447 (La.App. 1 Cir. 5/15/02), 826 So.2d 55, 60-61, writ denied, 02-1660 (La.9/30/02), 825 So.2d 1200.
If the trial court finds that a factual basis exists for certifying the action as a class action, it then exercises its discretion in deciding whether to certify the class. This aspect of the judgment is subject to review pursuant to the abuse of discretion standard. Id. at 61. In reviewing such decisions, wide latitude must be given to the trial court in considerations involving policy matters and requiring an analysis of the facts under guidelines helpful to a determination of the appropriateness of a class action. Unless the trial court committed manifest error in its factual findings or abused its discretion in deciding that class certification is appropriate, we must affirm the trial court's determination. Id.

DISCUSSION
The class action is a nontraditional litigation procedure permitting a representative with typical claims to sue or defend on behalf of, and stand in judgment for, a class of similarly situated persons when the question is one of common or general interest to persons so numerous as to make it impracticable to bring them all before the court. Ford v. Murphy Oil U.S.A., Inc., 96-2913, 2917, 2929, p. 4 (La.9/9/97), 703 So.2d 542, 544.
Article 591 of the Louisiana Code of Civil Procedure sets forth the prerequisites for maintaining a class action and establishes that the use of the class action device is appropriate when:
1) The class is so numerous that joinder of all members is impracticable.
2) There are questions of law or fact common to the class.
3) The claims or defenses of the representative parties are typical of the claims or defenses of the class.

*613 4) The representative parties will fairly and adequately protect the interests of the class.
5) The class is or may be defined objectively in terms of ascertainable criteria, such that the court may determine the constituency of the class for purposes of the conclusiveness of any judgment that may be rendered in the case.
All of the above elements must be present for an action to be properly certified as a class action. La.Code Civ. P. art. 591 B. The initial burden to establish these elements is on the party seeking to maintain the class action. Conclusory allegations of the pleadings alone are insufficient to establish the existence of a class. Singleton v. Northfield Insurance Company, 826 So.2d at 62. In determining whether these elements have been established, the court may consider the pleadings, affidavits, depositions, briefs, exhibits, and testimony presented at a certification hearing. Id.
If these prerequisites are met, the trial court must make an additional inquiry before the action may be properly certified as a class action. Paragraph B of article 591 authorizes four possible types of class actions, each with its own separate requirements. The plaintiffs in this matter sought certification pursuant to paragraph B(3). Under this option, the class action may be maintained only if the trial court additionally finds that the questions of law or fact common to all members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Id.
Class certification is purely procedural. Therefore, the issue at a class certification hearing is whether the class action is procedurally preferable, not whether any of the plaintiffs will be successful in urging the merits of their claims. The court is not authorized by statute or by history of the class action procedure to assess the likelihood of success on the merits before approving a class action. The determination of whether there is a proper class does not depend upon the existence of a cause of action. Id.
PREDOMINANCE OF COMMON ISSUES
Eatel urges three assignments of error for our review. First, Eatel argues that the trial court erred in certifying a class action because the "predominance" requirement of La.Code Civ. P. art. 591(B)(3) cannot be satisfied where issues of individual knowledge, reliance, and the applicability of individual defenses, such as prescription and comparative fault, predominate over whatever common issues may exist. Eatel urges that a redhibition claim involves subjective issues of individual knowledge and reliance.
Article 591 A(2) requires that there be questions of law or fact common to the class. Paragraph B(3) of that article requires that these common questions predominate over any questions affecting only individual members. This requirement restricts class actions to those cases in which it would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results. Id. at 67-68.
Here, the plaintiffs argue that the predominant common factual and legal issue is Eatel's failure to adequately disclose to its customers that the telephones they purchased contain a subsidy lock that renders them useless and inoperable with any other service provider upon termination of their services with Eatel. According to *614 plaintiffs, the inquiry under a redhibition claim does not involve the buyer's subjective knowledge or reliance, but rather is an objective inquiry into the deficiency and whether it diminishes the product's value or renders it so inconvenient that the reasonable buyer would not have purchased it had he known of the deficiency. We agree. Whether Eatel is liable in redhibition is the central issue and this issue is obviously common to all claimants. Under the facts of this case, we find no error in the trial court's finding that questions of law or fact common to the members of the entire class predominate over those affecting only individual members.
SUPERIORITY
In its second assigned error, Eatel contends that the trial court erred in certifying a class action because the "superiority" requirement of La.Code Civ. P. art. 591(B)(3) cannot be satisfied where a class action is clearly inferior to the traditional remedies crafted specifically for consumers, such as unfair trade practice claims, ordinary actions in courts of limited jurisdiction, and/or consumer complaints to the Louisiana Public Service Commission. Eatel maintains that the plaintiffs' case, if they have one at all, is an unfair trade practices case.
When a common character of rights exists, a class action is superior to other available adjudicatory methods for the purpose of promoting the basic aims and goals of a procedural device: (1) implementing the substantive law at issue in the case; (2) providing judicial efficiency in carrying out the substantive law; and (3) insuring individual fairness to all parties involved. If the superiority of a class action is disputed, the trial court must inquire into the aspects of the case and decide whether some other procedural device would better serve these intertwined goals. Id. at 68.
In order to more effectively evaluate the superiority of the class action in light of the above goals, courts should consider the following non-exclusive factors:
(a) The interest of the members of the class in individually controlling the prosecution or defense of separate actions;
(b) The extent and nature of any litigation concerning the controversy already commenced by or against members of the class;
(c) The desirability or undesirability of concentrating the litigation in the particular forum;
(d) The difficulties likely to be encountered in the management of a class action;
(e) The practical ability of individual class members to pursue their claims without class certification;
(f) The extent to which the relief plausibly demanded on behalf of or against the class, including the vindication of such public policies or legal rights as may be implicated, justifies the costs and burdens of class litigation[.]
La.Code Civ. P. art. 591 B(3).
The plaintiffs argue that a class action is the far superior form of litigation to resolve the issue of Eatel's liability to its numerous customers. Here, a class action will provide a meaningful opportunity for persons with low value claims to pursue a remedy, as they are able to seek and recover attorney's fees. Each member of the class seeks the same legal remedy the value of each telephone purchased. The plaintiffs argue that individual claims of such nominal value are cost-prohibitive, inefficient and unlikely. Further, they assert, a class action is the superior method for achieving the goals of fairness and judicial efficiency. The trial court would *615 be greatly burdened by separate suits or by the joinder or intervention of interested parties in separately brought actions. Finally, by certifying the class, the trial court may employ the provisions of La. Code Civ. P. arts. 592 and 594, which are procedural devices that help with the manageability of the lawsuit.
We agree with the plaintiff's assertions on this issue and conclude the trial court did not err in finding a class action is the superior method for adjudicating these claims.
REQUIREMENTS OF LA. C.C.P. ART. 591(A)
In its final assignment of error, Eatel contends that the trial court erred in tacitly finding that the La. C.C.P. art. 591(A) requirements of adequate class definition, numerosity, typicality, and adequacy of representation have been met. We find no merit to this contention.
In this case, the class has been adequately defined as "all customers of the defendant who purchased telephone handsets from the defendant." This definition is neither vague nor indeterminate. Rather, the definition is "precise enough to establish which claims and which claimants will be subject to the final judgment of the court for the application of res judicata." Singleton v. Northfield Insurance Company, 826 So.2d at 66.
Further, we find no error in the trial court's conclusion that numerosity is satisfied. The class action was devised to solve problems associated with adjudicating lawsuits in cases involving an unwieldy number of parties who should be joined. Id. at 63. Generally, a class action is appropriate whenever the interested parties appear to be so numerous that separate suits would unduly burden the courts, and a class action would "clearly be more useful and judicially expedient than the other available procedures." Id. This is clearly the case here. The record indicates that there are roughly 18,000 known claimants. Joinder of that many plaintiffs would be impractical and the courts would be unduly burdened by separate suits or by their joinder. We agree with the trial court that the element of numerosity has been adequately established.
We likewise find that the typicality requirement has also been met. In order for a class action to be maintained, the claims of the class representatives must be typical of the claims of the absent class members. La.Code Civ. P. art. 591 A(3). Simply stated, this element requires that the claims of the class representatives must be a cross-section of, or typical of, the claims of all class members. Singleton v. Northfield Insurance Company, 826 So.2d at 63. Typicality is satisfied if the claims of the class representatives arise out of the same event, practice, or course of conduct that gives rise to the claims of the other class members and those claims are based on the same legal theory. Id. Here, the claim of every class member lies in redhibition; the legal theory is the same and each claim arises out of the same course of conductEatel's sales of its telephones with inadequate disclosure of the subsidy locks. We find no error in the trial court's finding that the element of typicality has been established.
Finally, the parties seeking to maintain a class action must also demonstrate that the representative parties will fairly and adequately protect the interests of the class. La.Code Civ. P. art. 591 A(4). The test for determining adequate representation consists of three elements: (1) the chosen class representatives cannot have antagonistic or conflicting claims with other members of the class; (2) the named representatives must have a sufficient interest *616 in the outcome to ensure vigorous advocacy; and (3) counsel for the named plaintiffs must be competent, experienced, qualified, and generally able to conduct the proposed litigation vigorously. Singleton v. Northfield Insurance Company, 826 So.2d at 64. The record shows that Mr. Mire and Mrs. Estes have a sufficient interest in the outcome of the litigation and the ability to pursue the interests of all putative members. Moreover, the trial court specifically found that counsel for the named plaintiffs is capable of handling the matter. We see no error in the apparent finding of the trial court that the adequacy of representation requirement has also been met.

CONCLUSION
In this case, the parties had the opportunity to present evidence at a class certification hearing. The trial court heard the testimony presented and was consequently in the best position to evaluate the factual circumstances of this case in light of the three fundamental goals of a class action procedure. The court found that a class action is the superior method by which to proceed in this matter. We find no manifest error in these findings, nor do we find the decision to certify the class to be an abuse of discretion.
Accordingly, for these reasons, we affirm the trial court judgment that grants the plaintiffs' motion for class certification. Writ number 2002 CW 0737 is hereby denied. All costs of this appeal are assessed to the defendant-appellant, EatelCorp., Inc.
AFFIRMED; WRIT DENIED.
KLINE, J., concurs with reasons.
Judge WILLIAM F. KLINE, Jr., Retired, serving Pro Tempore by special appointment of the Louisiana Supreme Court.
KLINE, J. Pro Tem., Concurs.
I will respectfully concur and note concern that the trial court did not articulate a definition of the class.