961 So.2d 451 (2007)
DISPLAY SOUTH, INC.
v.
EXPRESS COMPUTER SUPPLY, INC.
No. 2006 CA 1137.
Court of Appeal of Louisiana, First Circuit.
May 4, 2007.
*452 John P. Wolff, III, Christopher K. Jones, Philip Bohrer, Keith D. Jones, Baton Rouge, for Plaintiff/Appellee Display South, Inc.
Eugene R. Groves, Preston J. Castille, Jr., Amy Groves Lowe, Baton Rouge, for Defendant/Appellant Express Computers Supply, Inc. and Travelers Indemnity Insurance Company of Connecticut.
Before: CARTER, C.J., WHIPPLE and McDONALD, JJ.
McDONALD, J.

FACTS AND PROCEDURAL BACKGROUND
In January 2003, plaintiff, Display South, Inc. (Display), filed suit for damages and injunctive relief, on behalf of itself and all others similarly situated, against Express Computer Supply, Inc. (Express) for sending unsolicited telephone facsimile messages in violation of both La. R.S. 51:1745 et seq. and 47 U.S.C. § 227, the Telephone Consumer Protection Act of 1991 (TCPA). The suit was subsequently amended to name Travelers Property Casualty Insurance Company, Express's insurer, as a defendant. A second supplemental and amending class action petition deleted paragraphs to remove any causes of action or references to damages under Louisiana law.
The matter was set for a class certification hearing, but was continued on the unopposed motion of Express to allow it to file pre-trial motions. Thereafter, in September 2004, Display filed a motion to reset the class certification hearing. Display also filed a motion in limine to preclude any evidence of an "established business relationship" (EBR) between Express and members of the class as a defense to liability. The hearing was set and continued, and at the next hearing date, the class certification hearing and the motion in limine were passed without date.
In March 2005, Express filed a motion for summary judgment asserting that the matter should be dismissed because Express had an "established business relationship" with Display. Express maintained that there is a jurisprudential rule[1] *453 that an established business relationship (EBR) is a defense that prohibits a finding that a violation of the TCPA has occurred. Therefore, Express argued it was entitled to judgment dismissing the case as a matter of law. The hearing on Express's motion for summary judgment was on April 11, 2005, and resulted in the trial court's denial of the motion. The judgment stated:
After considering the evidence, hearing argument of counsel and reviewing pleadings and memoranda on file and in conjunction with the matter brought before this court, and for oral reasons assigned:
IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that defendants, Express Computer Supply Inc.'s and Travelers Indemnity Company of Connecticut's Motion for Summary Judgment is hereby denied.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that there is no established business relationship exception to liability under the Telephone Consumer Protection Act of 1991 (47 U.S.C. § 227 et seq). The TCPA provides that a fax advertisement may only be sent with the recipient's prior express invitation or permission[.]
Express sought supervisory writs with this court, which were denied[2] with the following language: "Genuine issues of material fact exist that preclude granting summary judgment."
The hearing on plaintiff's motion for class certification was held in January 2006. Before conducting the hearing, the trial court informed counsel that it intended to hear the pending motion in limine, and then the motion for class certification. Counsel for both parties advised the trial court that they were not prepared to address the motion in limine, and did not think it was necessary for the trial court to rule on the motion regarding the admission of EBR evidence prior to hearing the motion on class certification. Display's argument was that EBR was not a defense. Express's position was that the issues in class certification were separate and not contingent on the issue of EBR as a defense. After much discussion, the court proceeded with the class certification hearing, expressing its opinion that the EBR issue was moot and the inadmissibility of that evidence was "law of the case" based on the trial court's previous ruling and the denial of writs by this court.[3] Upon submission *454 of the evidence, testimony and argument, the trial court granted Display's motion for class certification.
Express filed the instant appeal alleging seven assignments of error:
1. Whether the trial court committed reversible error in certifying a class in this matter based solely on the conclusory allegations set forth in Plaintiff's Petition.
2. Whether the plaintiff met its burden of proof and showed by a preponderance of the evidence that a factual basis exists to justify certification of a class.
3. Whether plaintiff made a prima facie showing that anyone in the purported class received a fax from Express which constituted an unsolicited advertisement.
4. Whether the trial court erred in finding that the class satisfied the commonality requirement pursuant to La. C.C.P. art 591 when individual questions of law and fact predominate over whether any company received an unsolicited fax from Express.
5. Whether the trial court erred in finding that the class satisfied the numerosity requirement pursuant to La. C.C.P. art. 591, when individual questions of fact remain as to whether the alleged recipients had an established business relationship with Express or whether the recipients gave permission to Express to send the faxes.
6. Whether the trial court erred in finding that the class satisfied the typicality requirement pursuant to La. C.C.P. art. 591, when plaintiff made no prima facie showing that other members of the class have claims, the nature of those claims, or a comparison of those claims to plaintiff's claims.
7. Whether the trial court erred in finding that Display is an adequate class representative as required by La. C.C.P. art 591 when plaintiff failed to show that it is nothing more than a defunct company that exists for no other purpose than to pursue this and other similar class action cases.

LAW AND ANALYSIS
Express contends the trial court committed legal error in basing its decision to certify this class solely upon the conclusory allegations in the pleadings. We agree that conclusory allegations of a pleading alone are insufficient to establish the existence of a class. Carr v. GAF, Inc., 97-0838 (La.App. 1st Cir.4/8/98), 711 So.2d 802, 806, writ denied, 98-1244 (La.6/19/98), 721 So.2d 472. However, our review of the record does not support a finding that the trial court relied only on the pleadings in certifying the class or otherwise committed legal error. Therefore, we will review the trial court's factual findings under the manifest error standard, and will review the trial court's decision to certify the class using the abuse of discretion standard. Boudreaux v. State, DOTD, 96-0137 (La.App. 1st Cir.2/14/97), 690 So.2d 114, 119.
Express next contends that Display failed to meet its burden of proof to establish a factual basis for entitlement to class certification. Louisiana Code of Civil Procedure article 591 sets forth the *455 prerequisites for maintaining a class action. Paragraph A of that article lists five elements that must be established, which are commonly known as numerosity, commonality, typicality, adequate representation, and objectivity (definability). All of these elements must be present for an action to be properly certified as a class action. Mire v. EatelCorp, Inc., XXXX-XXXX (La.App. 1st Cir.5/9/03), 849 So.2d 608, 613, writ denied, XXXX-XXXX (La.10/3/03), 855 So.2d 317. The burden to establish these elements is on the party seeking to maintain the class action. In determining whether these elements have been established, the court may consider the pleadings, affidavits, depositions, briefs, exhibits, and testimony presented at a certification hearing. Id. We will address the issue of whether Display met its burden of proof in conjunction with the other assignments of error.
Express's third assignment of error alleges that Display failed to make a prima facie showing that anyone in the purported class received a fax from Express that constituted an unsolicited advertisement. Express contends that it is clear that the sending of faxes is not a violation of the TCPA; for a violation to occur, an "unsolicited" fax must be received. The clarity of this proposition is asserted to have derived from an interpretation of the statute, recently codified, providing that faxes sent to persons with whom the sender has an established business relationship can be deemed to be invited or permitted by the recipient. We disagree with defendant's contention and the assertion supporting it for several reasons.
Initially, contrary to Express's contention, it is not clear to us that the sending of faxes is not a violation of the TCPA. The applicable version of the TCPA provided, in pertinent part, that "It shall be unlawful for any person within the United States . . . to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine." 47 U.S.C. § 227(b)(1)(C). (Emphasis added). Further, we fail to see how this derives from an interpretation (or statute) that exempts from violation of the law faxes sent to persons with whom the sender has an established business relationship. More importantly, even were we to agree with Express's position on what constitutes a violation of the statute, we do not agree with its position as to what is required for Display to meet its burden of proof to maintain a class action.
It is not necessary for Display to prove the facts of the underlying cause of action. Class certification is purely procedural. Therefore, the issue at a class certification hearing is whether the class action is procedurally preferable, not whether any of the plaintiffs will be successful in urging the merits of their claims. Singleton v. Northfield Ins. Co., XXXX-XXXX (La. App. 1st Cir.5/15/02), 826 So.2d 55, 62, writ denied, XXXX-XXXX (La.9/30/02), 825 So.2d 1200. It is the elements required for class certification that the plaintiff is required to prove.
The class action is a nontraditional litigation procedure permitting a representative with typical claims to sue or defend on behalf of, and stand in judgment for, a class of similarly situated persons when the question is one of common or general interest to persons so numerous as to make it impracticable to bring them all before the court. The purpose and intent of class action procedure is to adjudicate and obtain res judicata effect on all common issues applicable not only to the representatives who bring the action, but to all others who are "similarly situated," provided they are given adequate notice of the pending class action and do not timely *456 exercise the option of exclusion from the class. Ford v. Murphy Oil U.S.A., Inc., 96-2913, 96-2917, 96-2929 (La.9/9/97), 703 So.2d 542, 544.
The trial court is afforded great discretion in class action certification. Wide latitude must be given the trial court in considerations involving policy matters and requiring an analysis of the facts under guidelines helpful to a determination of the appropriateness of a class action. Unless the trial court has committed manifest error in its factual findings, or has abused its discretion in deciding that class certification is appropriate, its determination should be affirmed. State v. Sprint Communications Company, L.P., XXXX-XXXX, XXXX-XXXX (La.App. 1st Cir.10/29/04), 897 So.2d 85, 90, writs denied, XXXX-XXXX (La.12/9/05), 916 So.2d 1056, XXXX-XXXX (La.12/9/05), 916 So.2d 1057.
All of the elements of paragraph A of La. C.C.P. art. 591 must be present for an action to be properly certified as a class action. If these prerequisites are met, the trial court must make an additional inquiry before the action may be properly certified as a class action. Paragraph B of La. C.C.P. art, 591 provides:
An action may be maintained as a class action only if all of the prerequisites of Paragraph A of this Article are satisfied, and in addition:
(1)The prosecution of separate actions by or against individual member of the class would create a risk of:
(a) Inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
(b) Adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or
(2)The party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
(3)The court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to these findings include:
(a) The interest of the members of the class in individually controlling the prosecution or defense of separate actions;
(b) The extent and nature of any litigation concerning the controversy already commenced by or against members of the class;
(c) The desirability or undesirability of concentrating the litigation in the particular forum;
(d) The difficulties likely to be encountered in the management of a class action;
(e) The practical ability of individual class members to pursue their claims without class certification;
(f) The extent to which the relief plausibly demanded on behalf of or against the class, including the vindication of such public policies or legal rights as may be implicated, justifies the costs and burdens of class litigation; or

*457 (4)The parties to a settlement request certification under Subparagraph B(3) for purposes of settlement, even though the requirements of Subparagraph B(3) might not otherwise be met.
Express contends that the trial court erred in finding that Display had satisfied the requirements of numerosity, commonality, typicality and adequate representation. After thorough review of the record in this case, we find no error on the part of the trial court. An extensive hearing was conducted during which the trial court articulated reasons for its decisions that demonstrated a thorough understanding of the law and policy considerations at issue.
The deposition testimony of Karl Kearney, president of Express, was that Express possessed an ACT database of customers and prospective customers. This database indicated numerous faxes were sent during the pertinent time frame and the trial court determined that they were sent to over 700 potential class members. We find no error in the trial court's determination of the number of potential plaintiffs and, in fact, find support for this finding.
The court also determined that there are questions of law and fact common to the class. This is an action brought under the Telephone Consumer Protection Act. Any damages are statutorily imposed. The receipt of unsolicited advertisement faxes is common to all the potential class members, and, in fact, defines the class. This is the claim made by Display and is not only typical of the claims of the other class members, but is identical to the claims of the other members.
Express contends that because an established business relationship with the recipient of a faxed advertisement is a defense that precludes a finding of a violation of the law, individual questions predominate over common issues. However, the arguments made in support of their position go to the merits and not to the issue of class certification. A class action is a procedural device and confers no substantive rights. The only issue at the certification hearing is whether the case is one that would benefit from the procedural classification as a class action. Andry v. Murphy Oil U.S.A., Inc., 97-0793 (La.App. 4th Cir. 1998), 710 So.2d 1126, 1128-29, writ denied, 98-1158 (La.6/19/98), 720 So.2d 1214. While affirmative defenses should be considered in determining the merits of maintaining the lawsuit as a class action, the fact that some plaintiffs may offer a defense does not prohibit certification of a class. See Mathews v. Hixson Bros., 2002-124 (La.App. 3rd Cir.7/31/02), 831 So.2d 995, 1000, writs denied, 2002-2286, 2002-2305 (La.12/13/02), 831 So.2d 984. Also, if the trial court determines that a defense is available to individual members such that maintenance of the class is no longer feasible, the class can be decertified.
The court also considered and rejected the argument that the named plaintiff was not able to adequately represent and protect the interests of the class. Further, the trial court addressed the issue of adequacy of counsel, pointing to the time, effort, and active participation already expended in the case and concluding that the claim would continue to be vigorously pursued.
We find no error in these findings by the trial court. We also find that the court considered the additional requirements of La. C.C.P. art. 591(B) and found that common questions of fact and law predominate over individual questions and the class action procedure was superior to other available methods of handling the case.

*458 CONCLUSION
We find no manifest error in the factual findings by the trial court; nor do we find an abuse of discretion in the decision to certify the class. Therefore, the judgment appealed is affirmed. Costs are assessed to Express Computer Supply, Inc.
AFFIRMED.
NOTES
[1] In 2005, Congress amended the TCPA. Relevant to this matter, is the addition of the following quoted language to Section (b)(1)(C) that prohibits sending an unsolicited advertisement to a telephone facsimile machine, "unless  the unsolicited advertisement is from a sender with an established business relationship with the recipient . . ."
[2] Display South, Inc. v. Express Computers Supply, XXXX-XXXX (La.App. 1st Cir.10/6/05) (Unpublished writ action).
[3] Under the "law of the case" doctrine, an appellate court generally will not, on a subsequent appeal, reconsider it's earlier ruling in the same case. But this discretionary doctrine only applies to parties and issues that were actually presented and decided by the appellate court. Mire v. Eatelcorp, Inc. 2004-2603 (La.App. 1st Cir.12/22/05), 927 So.2d 1113, 1117, writ denied, XXXX-XXXX (La.4/24/06), 926 So.2d 549. Generally, when an appellate court considers arguments made in supervisory writ applications, the court's disposition on the issue considered becomes "law of the case" foreclosing re-litigation of that issue either at the trial court on remand or in the appellate court on a later appeal. However, the denial of a writ application creates a different situation. A denial of supervisory review is merely a decision not to exercise the extraordinary powers of supervisory jurisdiction, and does not bar reconsideration of, or a different conclusion on, the same question when an appeal is taken from a final judgment. Cotton v. Gaylord Container, 96CW1958, 96CW2029, 96CW2049 (La.App. 1st Cir.3/27/97), 691 So.2d 760, 763, writ denied, 97-0800 (La.4/8/97), 693 So.2d 147. In this case, the denial of supervisory writs addressed only the issue of the summary judgment and determined that it was precluded by material issues of fact. This court did not consider the issue of whether an EBR constitutes a defense to a violation of the TCPA, and the exclusion of evidence of an EBR is not "law of the case." Thus, the trial court may certainly hear the motion in limine on this issue and reach whatever conclusion the evidence warrants.