814 So.2d 633 (2002)
Frank MUNSEY, Individually and on Behalf of All Others Similarly Situated
v.
COX COMMUNICATIONS OF NEW ORLEANS, INC.
No. 2001-CA-0548.
Court of Appeal of Louisiana, Fourth Circuit.
March 20, 2002.
T. Allen Usry, Lambert J. Hassinger, Jr., Windi D. Brown, USRY, Weeks & Matthews; Darleen M. Jacobs, Law Office of Darleen M. Jacobs; Gerald Meunier, Irving J. Warshauer, Gary Roth, Gainsburgh, Benjamin, David, Meunier & Warshauer, New Orleans, LA; Kirk J. Frosch, Albert J. Nicaud, J. Douglas Sunseri, Bridgette D. Kaczmarek, Nicaud, Sunseri & Fradella, Metaire, LA; Darryl Phillips, Phillips & Mitchell, LLC, New Orleans, *634 LA; and Paul E. Mayeaux, Law Office of Paul E. Mayeaux, St. Rose, LA, for Plaintiff Class/Appellee.
Ewell E. Eagan, Jr., Martin E. Landrieu, Marcy V. Massengale, Gordon, Arata, McCollam, Duplantis & Eagan, LLP, New Orleans, LA; and Richard R. Patch, Susan K. Jamison, Howard A. Slavitt, Coblentz, Patch, Duffy & Bass, LLP, San Francisco, CA, for Cox Communications, Inc./Appellant.
Court composed of Judge CHARLES R. JONES, Judge TERRI F. LOVE, and Judge MAX N. TOBIAS, JR.
JONES, Judge.
Defendant/Appellant, CoxCom, Inc., appeals the judgment of the district court granting the Motion for Certification of the Class filed by Frank Munsey, John Johnson, and Sandra Weems, individually and on behalf of all others similarly situated. Following a review of the record, we affirm the judgment of the district court.
CoxCom, Inc. (hereinafter "Cox") provides cable television service to subscribers in the parishes of Orleans, Jefferson, St. Bernard, and St. Charles. Cox assesses a late fee, sometimes referred to as an "administrative fee" or "processing fee," when a customer pays his or her bill after the due date. Currently, Cox imposes a late fee of $4.00 uniformly throughout the parishes in which it operates. The amount assessed is the same in each parish and the same for every consumer who subscribes to Cox's cable service.
Frank Munsey, John Johnson, and Sandra Weems, individually and on behalf of others similarly situated (hereinafter collectively "the class"), brought suit against Cox alleging that Cox's late fee scheme violates Louisiana law because the late fee does not come close to the actual cost Cox incurs when a subscriber pays his or her bill after the due date. The class also alleges that the standard contract issued to subscribers by Cox does not state a particular dollar amount that the parties agree Cox can impose in the event the customer is late paying the bill.
Frank Munsey, John Johnson, and Sandra Weems have been assessed late fees imposed by Cox. They have been recognized as the class representatives as defined by the district court.
The district court conducted a hearing on the class' Motion for Class Certification on July 11, 2000. On December 11, 2000, the district court granted certification and in its judgment defined the class as:
all residential subscribers who are or were provided cable television service by Cox and who were assessed and/or paid any late fee(s) in connection with that service in Orleans, Jefferson, St. Bernard and St. Charles Parishes, Louisiana. Residential subscribers includes all non-bulk subscribers.
In the same judgment, the district court ordered that this action "proceed as a class action as it relates to La. C.C. arts.2000, 2012, 2298, and 2299 only, with the proviso that plaintiffs' fraud claims are excluded from class treatment."[1] This timely appeal follows.
*635 The only issue to be considered is whether the district court erred in certification of the class.
The prerequisites for the maintenance of class actions according to La. C.C.P. art. 591 are:
A. One or more members of a class may sue or be sued as representative parties on behalf of all, only if:
(1) The class is so numerous that joinder of all members is impracticable.
(2) There are questions of law or fact common to the class.
(3) The claims or defenses of the representative parties are typical of the claims or defenses of the class.
(4) The representative parties will fairly and adequately protect the interests of the class.
(5) The class is or may be defined objectively in terms of ascertainable criteria, such that the court may determine the constituency of the class for purposes of the conclusiveness of any judgment that may be rendered in the case.
B. An action may be maintained as a class action only if all of the prerequisites of Paragraph A of this Article are satisfied, and in addition:
(1) The prosecution of separate actions by or against individual members of the class would create a risk of:
(a) Inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
(b) Adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or
(2) The party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
(3) The court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

*636 The matters pertinent to these findings include:
(a) The interest of the members of the class in individually controlling the prosecution or defense of separate actions;
(b) The extent and nature of any litigation concerning the controversy already commenced by or against members of the class;
(c) The desirability or undesirability of concentrating the litigation in the particular forum;
(d) The difficulties likely to be encountered in the management of a class action;
(e) The practical ability of individual class members to pursue their claims without class certification;
(f) The extent to which the relief plausibly demanded on behalf of or against the class, including the vindication of such public policies or legal rights as may be implicated, justifies the costs and burdens of class litigation;....
Cox presented several arguments in suggesting that the district court improperly certified the class. First, Cox raised the issue that the Voluntary Payment Doctrine precluded class certification because Cox alleges that the class has no claim since they made a voluntary payment in response to the bill. Also, the potential that any and all members of the class can automatically allege duress as a defense to the Voluntary Payment Doctrine is unlikely. However, voluntary payment of the fee owed or a claim of duress to circumvent this rule are substantive issues that should be handled at trial.
At a hearing on class certification, the only issue to be considered by the court is whether the case is one in which the class action procedural device is appropriate. Andry v. Murphy Oil, U.S.A., Co., 97-0793, (La.App. 4 Cir. 4/1/98), 710 So.2d 1126, 1129. Thus, "the court is not concerned with whether the plaintiffs have stated a cause of action or the likelihood that they ultimately will prevail on the merits." Id., citing Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974) and Miller v. Mackey International, Inc., 452 F.2d 424 (5th Cir.1971).
Johnson v. Orleans Parish School Board, XXXX-XXXX, p. 6 (La.App. 4 Cir. 6/27/01), 790 So.2d 734, 740.
A class action may be certified only if numerosity, adequacy of representation and commonality requirements are present. The initial burden is on the party seeking to maintain the class action to establish these elements. Id., citing Cotton v. Gaylord Container, 96-1958 (La. App. 1 Cir. 3/27/97), 691 So.2d 760, 768.
Cox argues that under the Voluntary Payment Doctrine, the representative members do not have a claim because they voluntary paid Cox for services rendered, and are therefore inadequate to represent the class for the lack of a claim. Once again, this is a substantive claim, and therefore not relevant here. Cox also claims that the representative members cannot adequately represent the class because the claims of the members were vastly disparate; specifically, questions as to the number of times the late fee was paid and the facts surrounding what specific representation by Cox the customers relied upon. However, it is feasible to have classifications established for the class members based on the number of payments made to determine the severity to which each party is aggrieved. Further, the record is insufficient to support that the district court erred and this issue is resolvable at trial.
*637 Cox also argues that the difference in the number of late fees paid by the potential class members creates a conflict of interest within the class. We do not see where the division would occur, and once again a system of classification could assist with the management of this issue.
Cox further argues that Frank Munsey is not an adequate representative member because he shared a residence with lead counsel, who could potentially become a witness to the action. Rules of Prof. Conduct, Rule 3.7 states that:
A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
(1) the testimony relates to an uncontested issue;
(2) the testimony relates to the nature and value of legal services rendered in the case, or disqualification of the lawyer would work substantial hardship on the client.
It is apparent that Attorney Frosch could potentially be a witness to the action because he wrote the check and paid the cable bill on behalf of Mr. Munsey. He was keenly aware of when payments were made late and why, as well as, what information that he and Mr. Munsey relied upon in making their decisions. These matters directly relate to the contested issues of this case. Also, there is a team of lawyers working on this case, who can adequately continue without Attorney Frosch.
However, Attorney Frosch could proceed as counsel if he were a party to the action. According to Farrington v. Law Firm of Sessions, Fishman, 99-1486 (La.2/25/97), 687 So.2d 997, Rules of Prof. Cond., Rule 3.7 does not apply in cases where the lawyer is representing himself or herself. Counsel can therefore either become a party to the action or find a new representative member.
Cox argues that the basis for the claims raised by the class are vastly individual. Cox contends that each class member would be required to individually prove the following: 1.) the involuntary nature of payments made, 2.) his or her reliance on the alleged concealment or misrepresentations by Cox concerning the purpose of the fee, and 3.) duress from being compelled to make payments in order to retain cable services. However, there are limitations to how many reasons a customer can give for nonpayment, essentially, either the customer did not have the ability to pay, forgot to make a payment, did not receive a bill, or elected not to pay with maybe a few gradations thereof.
One "prerequisite for maintaining a class action established by La. C.C.P. art. 591(A)(1) is that members of the class be so numerous that joinder is impracticable." Billieson v. City of New Orleans, 98-1232 (La.App. 4 Cir. 3/3/99), 729 So.2d 146, 154. Cox alleges that the class was not required to identify every member of the class before certification; however, they need to establish that a class exists and is definable. Id. In the instant case, the class can be quantified because Cox has a finite customer base. Therefore, the class is definable.
Cox also argues that the common issues do not predominate this claim. Cox cites three individual factual issues including circumstances surrounding the payment, reasons for the tardiness of the payments, and whether the customer relied on any alleged misrepresentations. The class was able to set forth several issues[2] relevant to the entire class, which we find to be valid.
*638 Cox further argues that the class did not satisfy the requirements of La. C.C.P. 591(B)(1)(a), discussed infra, because as separate actions, the claims would never be brought since the individual damages are for such a small amount. However, the very purpose of the class action vehicle is to assist those who individually might not otherwise be able to bring their claim, because when those aggrieved are able to pool their damages together the claim becomes significant.
Therefore, we do not find that the district court erred in certifying the class.

DECREE
For the foregoing reasons, we affirm the judgment of the district court.
AFFIRMED.
TOBIAS, J., concurs.
TOBIAS, J., concurs.
I respectfully concur.
The elements of typicality and the adequacy of representation for the absent class members require that the claims of the class representatives be a cross-section of, or typical of, the claims of all class members. Doerr v. Mobil Oil Corp., 01-0775, p. 11 (La.App. 4 Cir. 2/27/02), 811 So.2d 1135, 1143-44; Andry v. Murphy Oil, U.S.A., Inc., 97-0793, p. 6 (La.App. 4 Cir. 4/1/98), 710 So.2d 1126, 1130; Adams v. CSX Railroads, 615 So.2d 476, 481 (La. App. 4 Cir.1993).
Louisiana jurisprudence does not require a "Noah-like" tabulation of class representatives and claims. Doerr, supra at p. 11, 811 So.2d at 1143-44, citing Johnson v. Orleans Parish School Board, XXXX-XXXX, p. 10 (La.App. 4 Cir. 6/27/01), 790 So.2d 734, 742. The plaintiffs are not required to produce two, or even one, of every kind of claim or of every person included in the class. The law only requires that the plaintiffs "typically" and "adequately" demonstrate that they represent a cross-section of the claims asserted on behalf of the class. Id.; Andry, supra at p. 6, 710 So.2d at 1131. The record on appeal demonstrates that the claims of the persons specified as class representatives adequately represent a cross-section of the claims made.
Our jurisprudence requires that the common questions predominate over the individual issues because "[c]lass actions are limited to cases in which it would achieve economics of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." Doerr, *639 supra at p. 12, 811 So.2d at 1144-45, quoting Scott v. American Tobacco Co., 98-0452, p. 8 (La.App. 4 Cir. 11/4/98), 725 So.2d 10, 14.
The "common character" requirement involves a two-step inquiry: (1) a determination that common issues predominate over questions affecting only individual members, and (2) a determination that the class action procedure is superior to other procedural mechanisms. Kent A. Lambert, Certification of Class Actions in Louisiana, 58 La. L.Rev. 1085, 1119 (1998). The second inquiry is necessary only where the superiority of the class action procedure is disputed. McCastle v. Rollins Environmental Services of Louisiana, 456 So.2d 612, 617 (La.1984); Doerr, supra; Lailhengue v. Mobil Oil Co., 94-2114, p. 8 (La.App. 4 Cir. 6/7/95), 657 So.2d 542, 547.
I find that a "common character" of rights exists in this case. Each member of the class alleges that the defendant is liable for assessing a late fee for the reasons noted by the majority. While individual damages might vary, the "common character" of rights exists which justifies a class action lawsuit. See generally, Doerr, supra at pp. 12-14, 811 So.2d at 1144-46.
A class action achieves economy of time, effort, and expense. The trial court would be greatly burdened by separate suits or by the joinder of intervention of interested parties in separately brought actions. Class action was designed to handle this type of litigation, while still preserving the integrity of the proceedings for all parties involved. By certifying this case as class action, the trial court may employ the provisions of La. C.C.P. art. 592, which give the trial court discretion to amend or recall certification, and enlarge, restrict, or redefine the constituency of the class or issues to be maintained in the action.
Finally, class actions may further substantive law by: (1) opening courts to claims not ordinarily litigated, thus enabling courts to enforce legislative policies underlying those causes of action; and (2) enabling courts to recognize the full implications of recognizing rights and remedies by allowing them to determine what outcome in litigation would best serve the policies underlying the causes of action. McCastle, supra; Doerr, supra.
While some of the plaintiffs might have damages that total a respectable sum, others might have claims that are relatively minor. Due to the "smallness" of the recovery allowable to these plaintiffs, a class action is the appropriate procedural vehicle to process this dispute fairly and efficiently. See Doerr, supra, citing Stevens v. Board of Trustees, 309 So.2d 144, 151 (La.1975); Williams v. State, 350 So.2d 131, 135(La.1977).
The plaintiffs have complied with each of the requisites of La. C.C.P. art. 591A and have satisfied at least one of the requisites of La. C.C.P. art. 591B.
Whether the voluntary payment doctrine is a bar to the plaintiff class' claims is not appropriately determined at the time of class certification. Whether paying a small late "fee" to avoid losing one's cable television service constitutes duress is not appropriately determined at the class certification hearing. Our opinion should not be read as in any way determining the merits of these defenses, which must be established by a preponderance of the evidence at trial of the merits.
NOTES
[1] La. C.C. art. 2000 Damages for delay measured by interest; no need of proof; attorney fees

When the object of the performance is a sum of money, damages for delay in performance are measured by the interest on that sum from the time it is due, at the rate agreed by the parties or, in the absence of agreement, at the rate of legal interest as fixed by Article 2924. The obligee may recover these damages without having to prove any loss, and whatever loss he may have suffered he can recover no more. If the parties, by written contract, have expressly agreed that the obligor shall also be liable for the obligee's attorney fees in a fixed or determinable amount, the obligee is entitled to that amount as well. La. C.C. art. 2012 Stipulated damages may not be modified
Stipulated damages may not be modified by the court unless they are so manifestly unreasonable as to be contrary to public policy. La. C.C. art. 2298 Enrichment without cause; compensation
A person who has been enriched without cause at the expense of another person is bound to compensate that person. The term "without cause" is used in this context to exclude cases in which the enrichment results from a valid juridical act or the law. The remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule.
The amount of compensation due is measured by the extent to which one has been enriched or the other has been impoverished, whichever is less.
The extent of the enrichment or impoverishment is measured as of the time the suit is brought or, according to the circumstances, as of the time the judgment is rendered.
La. C.C. art. 2299 Obligation to restore
A person who has received a payment or a thing owed to him is bound to restore it to the person from whom he received it.
[2] 1. Whether Cox's late fee is reasonably related to the actual cost it incurs when a subscriber pays a bill after the due date.

2. The actual cost Cox incurs when someone pays a bill after the due date.
3. Whether Cox's contract with class members states a specific dollar amount that the parties agree Cox can charge as a late fee.
4. Whether consumers have the ability to negotiate the terms of their agreement with Cox.
5. The actions Cox takes when someone pays a bill past the due date.
6. Whether La. C.C. art.2000 applies to Cox's contract with its customers.
7. Whether Cox has violated La. C.C. art. 2012.
8. The highest late fee that Cox is entitled to charge under law.
9. What late fee Cox will be allowed to charge going forward.
10. Whether the voluntary payment doctrine applies to the claims the class brings under La. C.C. art. 2000.
11. Whether the voluntary payment doctrine applies to the claims the class brings under La. C.C. art. 2012.
12. Whether the voluntary payment doctrine applies to the claims the class brings under La. C.C. art. 2298.
13. Whether the voluntary payment doctrine applies to the claims the class brings under La. C.C. art. 2299.