3 So.3d 494 (2008)
Adrian P. CHALONA, Sr., Husband of/ and Angelique M. Chalona, Albert Demma, Melanie J. Gervais, Emile L. Breaux, Jr., Elvis K. Hyde, Victoria Leonard, Leslie Marin, Wife Of/And Freishmann Marin, David P. Quinn, Husband of/and Sheila D. Quinn
v.
LOUISIANA CITIZENS PROPERTY INSURANCE CORPORATION.
No. 2008-CA-0257.
Court of Appeal of Louisiana, Fourth Circuit.
June 11, 2008.
*497 Gregory P. DiLeo, Jennifer B. Eagan, New Orleans, LA, Jeffrey Berniard, Berniard Law Firm, New Orleans, LA, Madro Bandaries, Madro Bandaries, P.L.C., New Orleans, LA, for Plaintiffs/Appellees.
John W. Waters, Jr., Gregory J. McDonald, Bienvenu, Foster, Ryan & O'Bannon, LLC, New Orleans, LA, for Defendant/Appellant.
(Court composed of Judge PATRICIA RIVET MURRAY, Judge DENNIS R. BAGNERIS, SR., Judge MICHAEL E. KIRBY, Judge EDWIN A. LOMBARD, Judge ROLAND L. BELSOME).
LOMBARD, Judge.
Defendant, Louisiana LCPIC Property Insurance Corporation ("LCPIC"), also referred to as Louisiana LCPIC Fair Plan, appeals from a judgment of the district court granting Plaintiffs' Motion for Class Certification. For the following reasons, we affirm the decision of the trial court.

FACTS AND PROCEDURAL HISTORY
Plaintiffs, whose property was insured by LCPIC on August 29, 2005, when Hurricane Katrina hit the Gulf Coast and/or on September 24, 2005, when Hurricane Rita struck south Louisiana, filed suit against LCPIC alleging that they notified LCPIC of their losses but LCPIC failed to make a written offer to settle their property damage claims within thirty days, in violation of its statutory duty under LSA-R.S. 22:658(A)(4)[1] Plaintiffs are seeking statutory *498 penalties against LCPIC pursuant to LSA-R.S. 22:658(B)(1).[2]
Plaintiffs filed a motion to certify this action as a class action, pursuant to Louisiana Code of Civil Procedure Article 592. A hearing on the class certification issue was begun on June 17, 2007 and continued to August 16, 2007. The matter was submitted for decision after receipt of all post-trial memoranda on November 12, 2007. On January 25, 2008, the trial court rendered a judgment granting Plaintiffs' motion for class certification. In its written reasons for judgment the trial court opined that the class definition sought by Plaintiffs contained elements that were overly broad and subjective, and thus, narrowed the class definition sought by Plaintiffs by defining the class as follows:
All present or past insureds of Louisiana LCPIC Property Insurance Corporation a/k/a LOUISIANA LCPIC FAIR PLAN, hereinafter referred to as "LCPIC", who, on or after August 29, 2005, provided notification of loss resulting from Hurricane Katrina and/or Rita to LCPIC, notwithstanding whether loss adjustment was initiated within thirty (30) days after notification of loss, whose claims were not followed by a written offer to settle within thirty (30) days after receipt of satisfactory proof of loss.
In its judgment, the trial court further ordered and decreed that Adrian P. Chalona, Sr., Angelique Chalona, Albert Demma, Melanie Gervais, Emile Breaux, Jr., Elvis K. Hyde, Victoria Leonard, David P. Quinn and Sheila D. Quinn shall serve as the class representatives of the class as defined. LCPIC appeals the trial court's judgment certifying this matter as a class action.

LAW AND DISCUSSION
The main issue to be decided in this appeal is whether the district court abused its discretion in certifying this case as a class action. The purpose and intent of the class action is to "adjudicate and obtain res judicata effect on all common issues applicable not only to the class representatives who bring the action, but to all others who are similarly situated." Chiarella v. Sprint Spectrum LP, 04-1433, p. 16 (La.App. 4 Cir. 11/17/05), 921 So.2d 106, 118, citing Ford v. Murphy Oil U.S.A., Inc., 96-2913, p. 4 (La.9/9/97), 703 So.2d 542, 544. In Louisiana, the class action certification procedure is governed by Louisiana Code of Civil Procedure articles 591-597. The prerequisites for maintaining a class action are found in article 591. Those requirements have generally been summarized as: numerosity, commonality, typicality, the adequacy of the representative parties to protect the interest of the class, an objectively definable *499 class, the predominance of common issues, and the superiority of the class action procedure.[3]
In order to obtain class certification, the plaintiffs must meet all of the requirements of article 591(A) and also satisfy at least one of the subsections of article 591(B). Oubre v. Louisiana LCPIC Fair Plan (La.App. 5 Cir. 5/29/07), 961 So.2d 504, 508, writ denied, 07-1329 (La.9/28/07), 964 So.2d 363, citing, Daniels v. Witco Corp., 03-1478 (La.App. 5 Cir. 6/1/04), 877 So.2d 1011, 1014, writ denied, 04-2287 (La.11/19/04), 888 So.2d 205. The burden of establishing that the statutory criteria are met falls on the party seeking to maintain the action as a class action. Oubre, 961 So.2d 504, 508.
*500 The standard of review for class action certifications is bifurcated. The factual findings are reviewed under the manifest error/clearly wrong standard, but the trial court's judgment on whether or not to certify the class is reviewed by the abuse of discretion standard. Etter v. Hibernia Corporation, 06-646 (La.App. 4 Cir. 2/14/07), 952 So.2d 782. A trial court has wide discretion in deciding whether or not to certify a class. Chiarella v. Sprint Spectrum LP, 04-1433, p. 16 (La.App. 4 Cir. 11/17/05), 921 So.2d 106, 118. Any error to be made in deciding class action issues should be in favor of and not against maintenance of the class action, because a class certification order is subject to modification if later developments during the course of trial so require. McCastle v. Rollins Environmental Services of Louisiana, Inc., 456 So.2d 612, 620 (La.1984).
When reviewing the trial court's ruling regarding class certification, we do not consider whether plaintiffs' claims state a cause of action or have substantive merit, or whether plaintiffs will ultimately prevail on the merits. Munsey v. Cox Communication of New Orleans, Inc., 01-0548, p. 5 (La.App. 4 Cir. 3/20/02), 814 So.2d 633, 636. Rather, our task is to examine Plaintiffs' legal claims and to determine only whether a class action is the appropriate procedural device in light of established Louisiana criteria. Id.
In the instant case, the trial judge found that Plaintiffs' claims meet all of the criteria set forth in Louisiana Code of Civil Procedure article 591(A), namely numerosity, commonality, typicality, adequacy of representation, and an objectively definable class. The trial judge also found that the elements of predominance and superiority set forth in Louisiana Code of Civil Procedure article 591(B)(3) have been satisfied.
On appeal, LCPIC contends that the trial judge abused his discretion and was manifestly erroneous in certifying this case as a class action, and it asserts six specifications of error in support of its position. LCPIC specifically argues that the trial court erred in:
1. finding that the class certification requirement of commonality (common questions of law and fact predominate over individual issues for purposes of class certification) has been met under La. C.C.P. art. 591(B)(3).
2. failing to identify specific issues that could be tried class-wide and in failing to consider the many individual issues not subject to common evidence.
3. adopting a class definition that is vague, indeterminate, and overly broad with regard to who will be in the class.
4. relying on La. C.C.P. 591(B)(1) as a ground for class certification;
5. finding that the class certification requirement of numerosity had been met, where the number of class members is highly speculative; and
6. finding that the class certification requirement of superiority has been met, and where judicial economy is not served by class certification.
Despite LCPIC's numerous specifications of error, in reviewing the verified petition, the briefs and the testimony at the certification hearing, we find that there was sufficient evidence for the trial court to certify this class.

Numerosity
The first requirement for certifying a class is numerosity. To satisfy this requirement, Plaintiffs must establish that the members of the class are so numerous *501 that joinder of those members would be impracticable. No set number of putative plaintiffs has been established in order to fulfill the numerosity requirement for a class action. Davis v. Jazz Casino Co., LLC, 03-0005, p. 7 (La.App. 4 Cir. 1/14/04), 864 So.2d 880, 887. The determination of numerosity is based in part upon the number of putative class members, but is also based upon considerations of judicial economy in avoiding a multiplicity of lawsuits, financial resources of class members, and the size of the individual claims. Id., at 888.
At the certification hearing in the instant case, deposition testimony taken on December 1, 2005 of Terry Lisotta, Chief Executive Officer of LCPIC, was introduced. This testimony indicated that at the time of the deposition, there were 59,000 property damage claims filed with LCPIC and, of those, 20% had been concluded. The trial court held that this left a large number of potential claimants and that "the projected number of claimants along with the unfortunate financial position caused by these catastrophic events for most individuals combined with the time and money which could be saved satisfies the numerosity requirement." We find no manifest error in this finding. Therefore, this specification of error has no merit.

Commonality
A showing of commonality of questions of law and fact among the class is the second prerequisite in certifying the class. The test for commonality requires only that there be at least one issue the resolution of which will affect all or a significant number of putative class members. Watters v. Dept. of Social Serv., 05-0324, p. 15 (La.App. 4 Cir. 4/19/06), 929 So.2d 267, 278, citing, Duhe v. Texaco, Inc., 99-2002 (La.App. 3 Cir. 2/7/01), 779 So.2d 1070, 1078, writ denied, 01-637 (La.4/27/01), 791 So.2d 637. Here, the common question of law and/or fact is the alleged failure of LCPIC to provide the Plaintiffs with written offers of settlement within the thirty day time period required by Louisiana Revised Statute 22:658. The court found that all the policies issued by LCPIC in this case were risk policies, and all losses resulted from the same event, Hurricane Katrina and/or Rita. The district court further found that resolution of these issues would be most easily accomplished using the class action procedural device because the common issues predominate over issue affecting individual class members and to separate these actions would be unduly burdensome to the court. Considering the testimony and evidence regarding these common issues, we cannot say that the trial court erred in finding that the commonality requirement had been met and that common questions of law predominate over individual issues for purposes of class certification. Therefore, this specification of error also has no merit.

Typicality
The third prerequisite in certifying the class is typicality, meaning that representative plaintiffs' claims are typical of the claims of the class. Here, the trial court found that all members of the class are seeking damages for injuries that occurred as a result of one same event pursuant to the same legal theory in the form of statutory penalties set forth in LSA-R.S. 22:658, and that the claims and defenses among the potential members would be duplicated, and discovery redundant, if these actions were handled on an individual basis. We find no error in the trial court's finding on this issue.

Adequacy of Representation
The existence of representative parties who will adequately and fairly *502 protect the interests of all those in the class is the fourth prerequisite for certifying a class. This element requires that the proposed class representatives prove that their claims are a cross-section of, or typical of, the claims of all class members. Johnson v. Orleans Parish School Bd., 00-0825 (La.App. 4 Cir. 6/27/01), 790 So.2d 734.
Here, in support of their argument for class certification, Plaintiffs introduced the affidavit of Ms. Sheila D. Quinn, who alleges that she was aggrieved by LCPIC's actions in handling her claim after Hurricane Katrina. The trial court found her to be a well-informed, motivated individual who is eager to assist the attorneys in adequately representing the interests of all potential class members. We find no manifest error in this finding.

Class Definition
The final prerequisite under article 591(A) is that the class be defined objectively in terms of ascertainable criteria, such that the court may determine the constituency of the class for purposes of the conclusiveness of any judgment that may be rendered in the case. The parties seeking certification must be able to establish a definable group of aggrieved persons based on objective criteria derived from the operative facts of the case. Chiarella, supra, 04-1433 at p. 18. The purpose of the class definition requirement is to ensure that the class is not amorphous, indeterminate, or vague, so that any potential class members can readily determine if he/she is a member of the class. Clement v. Occidental Chemical Corp., 97-246 (La. App. 5 Cir. 9/17/97), 699 So.2d 1110, 1113. So.2d at 1113.
As previously stated, the trial court found that the Plaintiffs' proposed class definition was too broad and subjective and that identification of class members would be very difficult to determine using the proposed definition, which included, in addition to those whose claims were not followed by a written settlement within thirty days of receipt of satisfactory proofs of loss, those whose loss adjustment was not initiated within 30 days, and those whose claims were insufficiently paid. The trial court therefore limited the class to those whose claims were not followed by a written offer to settle within thirty (30) days after receipt of satisfactory proof of loss.
LCPIC asserts that the trial court erred in adopting this class definition, which LCPIC argues is vague, indeterminate, and overly broad with regard to who will be in the class. It argues that the class definition in this case is not "precise, objective and presently ascertainable," so the putative class members will not be able to determine if they are class members.
At the appeal hearing, LCPIC argued that the definition's inclusion of the term "satisfactory proofs of loss" was problematic since it is not a defined term, which would make it difficult for potential class members to understand whether they meet the criteria for the proposed class and even more difficult for LCPIC, who would be required to go through tens of thousands of files to determine if the proofs of loss provided by each particular plaintiff were "satisfactory." We find no merit in this argument. The term "satisfactory proofs of loss" merely tracks the language of LSA-R.S. 22:658, the statute under which Plaintiffs have brought their claims. Individuals who allege that they provided LCPIC notice of a property damage claim resulting from Hurricanes Katrina and Rita who did not receive written offer of a settlement within thirty days are potential members of the defined class. At trial, each class member will still have to prove, individually, that they are entitled to recovery under the statute and that *503 LCPIC is liable to them for damages. Moreover, LCPIC can easily verify their existence in the class by a review of their own business records to ascertain when the claims were made, whether "satisfactory proofs of loss" were provided, and whether written offers to settle were made within that given time frame.
Whether each individual class member has a valid claim against LCPIC will be hashed out at trial. A certification hearing does not determine liability. Davis, 844 So.2d at 253. It is not the correct venue to decide the merits of the case or defenses the defendants may allege. Those matters are to be resolved at the trial on the merits. We find that the proposed class is sufficiently defined in order to give potential class members enough information to decide whether they are included within the class and to enable potential class members to decide whether to opt out of the class.
On a side note, we do believe that the phrase "notwithstanding whether loss adjustment was initiated within thirty (30) days after notification of loss" is superfluous and should, perhaps, be eliminated from the class definition because the question of when loss adjustment was initiated is not relevant to this case, or to the statute under which the claims have been brought. However, further narrowing of the definition by the trial court would overcome this issue. Because of a trial court's authority to redefine the class before a decision on the merits, appellate courts often allow certification despite a finding that the class definition is inadequate for one reason or another. Duhe, 779 So.2d 1070, 1080. If an error is to be made, it should be in favor of, and not against the maintenance of, the class action because the class is always subject to modification should later developments during the course of the trial so require, Davis v. Jazz Casino Co., LLC, 03-0005, pp. 14-15 (La.App. 4 Cir. 1/14/04), 864 So.2d 880, 891, citing, Davis v. American Home Products Corp., 02-0942 (La.App. 4 Cir. 3/26/03), 844 So.2d 242.
Based on the foregoing, we find the Plaintiffs have fulfilled the statutory requirements of Louisiana Code of Civil Procedure article 591(A). We must now turn to the question of whether at least one of requirements of article 591(B) has been met. Here, the district court found that Plaintiffs satisfied 591(B)(3), which requires the court to find that questions of law or fact common to members of the class predominate over any questions affecting only individual members, and that class action is superior to other available methods of adjudicating this controversy. On appeal, LCPIC argues that the trial judge erred in finding that the class certification requirement of superiority has been met Plaintiffs failed to provide any evidence that a class action is a superior procedural device for handling Plaintiffs' 22:658(A)(4) claims. LCPIC further argues that certifying the class will do nothing to improve judicial efficiency, because each plaintiff will still have to prove his individual claims. We find this argument unpersuasive.
We find that in this case, the requirement of superiority has been met, pursuant to Louisiana Code of Civil Procedure article 591(B)(3). The district court stated that the class action procedure is superior because the prosecution of separate actions would risk inconsistent adjudications and could be dispositive of the interests of members of the class who are not parties to this suit, thereby substantially impairing the ability for them to pursue just adjudication. We agree.
When a common character of rights exists, a class action is superior to *504 other available adjudicatory methods in effectuating substantive law, and promoting judicial efficiency and individual fairness. Davis v. Jazz Casino Co., LLC, supra, 03-0005, p. 11. If the superiority of a class action is disputed, the trial court must inquire into the aspects of the case and decide whether some other procedural device would better serve these goals. Id.
Here, each plaintiff's claim involves whether or not LCPIC failed to timely make a written offer of settlement pursuant to 22:658(A)(4). Trying all the potential plaintiffs' claims separately risks could result in non-uniformity in the application of this law and in consideration of LCPIC's anticipated defenses. Uniformity in this case can best be obtained by employing the class action procedure. Further, the class action procedure is a superior method under these circumstances to ensure individual fairness and to promote judicial efficiency. The trial court found that the superiority element set forth in Louisiana Code of Civil Procedure article 591(B)(3) has been met in this case.[4] Considering the record before us, we cannot say that the trial judge erred in finding that a class action is the superior procedural device in this controversy. Moreover, in light of the testimony and evidence, and our belief that the common issues in this matter predominate over individual issues, we find no merit in LCPIC's argument that judicial economy is not served by class certification.

The Doctrine of Lis Pendens
In its final argument on appeal, LCPIC asserts that the district court erred in overruling its exception of lis pendens. LCPIC argues that this case should be dismissed, under the doctrine of lis pendens, since it overlaps with the case entitled "Geraldine Oubre, et al. v. Louisiana Citizens Fair Plan," which was filed on November 18, 2005, in the 24th JDC in Jefferson Parish.[5] We disagree.
Louisiana Code of Civil Procedure Article 531 provides:
When two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. When the defendant does not so except, the plaintiff may continue the prosecution of any of the suits, but the first final judgment rendered shall be conclusive of all.
The doctrine of lis pendens prevents a plaintiff from litigating a second suit when the suits involve the same transaction or occurrence between the same parties in the same capacities. Domingue *505 v. ABC Corp., 96-1224, 96-1233, 96-1234, 96-1236, 96-1245 (La.App. 4 Cir. 6/26/96); 682 So.2d 246, writ denied, 96-1947 (La.11/1/96); 681 So.2d 1268. "The test for deciding whether an exception of lis pendens should be granted is to inquire whether a final judgment in the first suit would be res judicata in the subsequently filed suit." Id., p. 3, at 248 (citation omitted).
Here, although both suits involve LCPIC's actions in adjusting its insured's claims in the aftermath of Hurricanes Katrina and Rita, the identity of the parties is not necessarily the same. In the instant case, the class includes only those who are seeking recovery for LCPIC's failure to submit a timely written offer of settlement, while the Oubre class includes those who are seeking damages and penalties for LCPIC's failure to timely initiate loss adjustment. While it is possible that some individuals could be included as members of both the Oubre class and the instant class, the relief sought in the two cases is not the same. Thus, a judgment in the Oubre lawsuit would not have the effect of res judicata in the instant suit. Although the defined classes in the instant case and the Oubre case may overlap, we do not find that the court was manifestly erroneous in denying LCPIC's lis pendens exception.
In conclusion, we find no manifest error in the trial court's factual findings and no abuse of discretion in the trial judge's determination that this case meets all of the requirements of Louisiana Code of Civil Procedure Article 591 for certification of this matter as a class action. Of course, the trial court always has the authority to re-visit or modify its decision regarding class certification if later developments during the course of trial so require. See Johnson v. E.I. Dupont deNemours and Co., 721 So.2d at 44.

DECREE
For the foregoing reasons, we affirm the trial court's judgment, granting Plaintiffs' motion for class certification, defining the class, and naming Adrian P. Chalona, Sr., Angelique Chalona, Albert Demma, Melanie Gervais, Emile Breaux, Jr., Elvis K. Hyde, Victoria Leonard, David P. Quinn and Sheila D. Quinn, as class representatives. Costs of this appeal are to be assessed to LCPIC.
AFFIRMED.
MURRAY, J., dissents with reasons.
KIRBY, J., dissents for the reasons assigned by Judge MURRAY.
MURRAY, J., dissents with reasons.
The definition of the class as written does not allow anyone to determine if he or she is a class member. For this reason, I respectfully dissent.
NOTES
[1] LSA-R.S. 22:658(A)(4) provides in pertinent part:

All insurers shall make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim.
[2] LSA-R.S. 22:658(B)(1) provides:

Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor or failure to make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim, as provided in Paragraphs (A)(1) and (4), respectively, or failure to make such payment within thirty days after written agreement or settlement as provided in Paragraph (A)(2), when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured, or to any of said employees, or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.
[3] Article 591 in its entirety provides:

A. One or more of the members of a class may sue or be sued as representative parties on behalf of all, only if:
(1) The class is so numerous that joinder of all members is impracticable;
(2) There are questions of law or fact common to the class;
(3) The claims or defenses of the representative parties are typical of the claims or defenses of the class;
(4) The representative parties will fairly and adequately protect the interests of the class; and
(5) The class is or may be defined objectively in terms of ascertainable criteria, such that the court may determine the constituency of the class for purposes of the conclusiveness of any judgment that may be rendered in the case.
B. An action may be maintained as a class action only if all of the prerequisites of Paragraph A of this Article are satisfied, and in addition:
(1) The prosecution of separate actions by or against individual members of the class would create a risk of:
(a) Inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
(b) Adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or
(2) The party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
(3) The court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to these findings include:
(a) The interest of the members of the class in individually controlling the prosecution or defense of separate actions;
(b) The extent and nature of any litigation concerning the controversy already commenced by or against members of the class;
(c) The desirability or undesirability of concentrating the litigation in the particular forum;
(d) The difficulties likely to be encountered in the management of a class action;
(e) The practical ability of individual class members to pursue their claims without class certification;
(f) The extent to which the relief plausibly demanded on behalf of or against the class, including the vindication of such public policies or legal rights as may be implicated, justifies the costs and burdens of class litigation; or
(4) The parties to a settlement request certification under Subparagraph B(3) for purposes of settlement, even though the requirements of Subparagraph B(3) might not otherwise be met.
(C) Certification shall not be for the purpose of adjudicating claims or defenses dependent for their resolution on proof individual to a member of the class. However, following certification, the court shall retain jurisdiction over claims or defenses dependent for their resolution on proof individual to a member of the class.
La.Code Civ. Proc. art. 591.
[4] LCPIC argues that the trial court erred in relying on La.Code Civ. Proc. art. 591(B)(1) in certifying the class. As discussed above, we have already found that Plaintiffs have satisfied the superiority requirement of subsection 591(b)(3). Since the law requires that Plaintiffs satisfy at least one of the requirements of article 591(B), whether the district court erred in relying on Article 591(B)(1) is moot. Because we find that under La.Code Civ. Proc. art. 591(B)(3), the case at bar may validly be maintained as a class action.
[5] LCPIC further argues that the instant case should be dismissed since it mimics the claims brought in two previously filed actions, Orill, et al. v. AIG, Inc., et al., No. 635-122, Division E, in the 24th Judicial District Court for the Parish of Jefferson, and Buxton, et al. v. Louisiana Citizens Property Insurance Corporation., No. 2006-8341 Division B, Section 15, in the Civil District Court for the Parish of Orleans. However, the proposed class in Orill has not yet been certified by the trial court, and thus, there is no class definition for the Court's comparison. Further, in Buxton, the trial court found that the proposed class definition was too broad, and denied class certification. The Buxton plaintiffs subsequently settled their claims against LCPIC.