961 So.2d 504 (2007)
Geraldine OUBRE and Linda Gentry on their behalf, as well as others, similarly situated
v.
LOUISIANA CITIZENS FAIR PLAN.
No. 07-CA-66.
Court of Appeal of Louisiana, Fifth Circuit.
May 29, 2007.
*506 Desiree M. Charbonnet, Bernard Charbonet, Attorneys at Law, Madro Bandaries, Attorney at Law, New Orleans, Louisiana, Anna E. Dow, Attorney at Law, Gonzales, Louisiana, Steven M. Mauterer, Attorney at Law, Gretna, Louisiana, for Plaintiff/Appellee.
John W. Waters, Jr., David E. Walle, Gregory J. McDonald, Attorneys at Law, New Orleans, Louisiana, for Defendant/Appellant.
Panel composed of Judges CLARENCE E. McMANUS, WALTER J. ROTHSCHILD, and GREG G. GUIDRY.
ROTHSCHILD, Judge.
Defendant, Louisiana Citizens Property Insurance Corporation ("Citizens"), also referred to as Louisiana Citizens Fair Plan, appeals from a judgment of the trial court granting plaintiffs' Motion for Class Certification. For the following reasons, we affirm the decision of the trial court.

FACTS AND PROCEDURAL HISTORY
Plaintiffs, Geraldine Oubre and Linda Gentry, filed this lawsuit on November 18, 2005 on their own behalf and on behalf of others similarly situated.[1] Plaintiffs were insureds of Citizens on August 29, 2005 when Hurricane Katrina hit the Gulf Coast and/or on September 24, 2005 when Hurricane Rita struck. In this lawsuit, plaintiffs allege that they suffered damages to their property after Katrina and/or Rita and they notified Citizens of their losses, but Citizens failed to comply with its statutory *507 duty under LSA-R.S. 22:658(A)(3) to initiate loss adjustment in a timely and adequate manner.[2] Therefore, plaintiffs contend that Citizens is liable for statutory penalties provided in LSA-R.S. 22:1220.
On December 21, 2005, plaintiffs filed a motion to certify this action as a class action, pursuant to LSA-C.C.P. art. 592. A hearing on the class certification issue was held over several days.[3] At the conclusion of the hearing on July 13, 2006, the trial judge gave the parties additional time to submit post-hearing memoranda and thereafter, he took the matter under advisement.
On July 11, 2006, the trial judge rendered a judgment granting plaintiffs' motion for class certification. On July 17, 2006, the trial judge rendered a supplemental and amended judgment in which he defined the class as follows:
All present or past insureds of Louisiana Citizens Property Insurance Corporation a/k/a LOUISIANA CITIZENS FAIR PLAN, hereinafter referred to as "LCPIC", who, on or after August 29, 2005, provided notification of loss resulting from Hurricanes Katrina and/or Rita to LCPIC, and whose loss adjustment was not initiated within thirty (30) days after notification of loss.
In this judgment, the trial judge further decreed that Linda Gentry, Geraldine Oubre, Susan Hano, Sylvia Randolph, and John Macera, II would serve as the class representatives. The trial judge issued written reasons for judgment on August 8, 2006. On July 21, 2006, Citizens filed a motion for new trial, which was denied by the trial court. Citizens appeals the trial court's judgment certifying this matter as a class action.
LAW AND DISCUSSION
In Louisiana, the class action certification procedure is governed by LSA-C.C.P. art. 591, which provides as follows:
A. One or more members of a class may sue or be sued as representative parties on behalf of all, only if:
(1) The class is so numerous that joinder of all members is impracticable.
(2) There are questions of law or fact common to the class.
(3) The claims or defenses of the representative parties are typical of the claims or defenses of the class.
(4) The representative parties will fairly and adequately protect the interests of the class.
(5) The class is or may be defined objectively in terms of ascertainable criteria, such that the court may determine the constituency of the class for purposes of the conclusiveness of any judgment that may be rendered in the case.
B. An action may be maintained as a class action only if all of the prerequisites of Paragraph A of this Article are satisfied, and in addition:
(1) The prosecution of separate actions by or against individual members of the class would create a risk of:

*508 (a) Inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
(b) Adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or
(2) The party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
(3) The court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to these findings include:
(a) The interest of the members of the class in individually controlling the prosecution or defense of separate actions;
(b) The extent and nature of any litigation concerning the controversy already commenced by or against members of the class;
(c) The desirability or undesirability of concentrating the litigation in the particular forum;
(d) The difficulties likely to be encountered in the management of a class action;
(e) The practical ability of individual class members to pursue their claims without class certification;
(f) The extent to which the relief plausibly demanded on behalf of or against the class, including the vindication of such public policies or legal rights as may be implicated, justifies the costs and burdens of class litigation; or
(4) The parties to a settlement request certification under Subparagraph B(3) for purposes of settlement, even though the requirements of Subparagraph B(3) might not otherwise be met.
C. Certification shall not be for the purpose of adjudicating claims or defenses dependent for their resolution on proof individual to a member of the class. However, following certification, the court shall retain jurisdiction over claims or defenses dependent for their resolution on proof individual to a member of the class.
In order to obtain class certification, a plaintiff must meet all of the requirements of LSA-C.C.P. art. 591(A) and also satisfy one of the subsections of art. 591(B). Daniels v. Witco Corp., 03-1478 (La.App. 5 Cir. 6/1/04), 877 So.2d 1011, 1014, writ denied, 04-2287 (La.11/19/04), 888 So.2d 205. The burden of establishing that the statutory criteria are met falls on the party seeking to maintain the action as a class action. Id.
The standard of review for class action certifications is bifurcated. The factual findings are reviewed under the manifest error/clearly wrong standard, but the trial court's judgment on whether or not to certify the class is reviewed by the abuse of discretion standard. Etter v. Hibernia Corporation, 06-646 (La.App. 4 Cir. 2/14/07), 952 So.2d 782; Boudreaux v. State, Dep't of Transp. and Dev., 96-0137 (La.App. 1 Cir. 2/14/97), 690 So.2d 114, 119. A trial court has wide discretion in deciding whether or not to certify a class. Daniels v. Witco Corp., supra; Eastin v. Entergy, 97-1094 (La.App. 5 Cir. 4/15/98), 710 So.2d 835, 838. Any errors to be made in deciding class action issues should be in *509 favor of and not against maintenance of the class action, because a class certification order is subject to modification if later developments during the course of trial so require. Johnson v. E.I. Dupont deNemours and Co., Inc., 98-229 (La.App. 5 Cir. 10/14/98), 721 So.2d 41; McCastle v. Rollins Environmental Services of Louisiana, Inc., 456 So.2d 612, 620 (La.1984).
When reviewing the trial court's ruling regarding class certification, we do not consider whether plaintiffs' claims state a cause of action or have substantive merit, or whether plaintiffs will ultimately prevail on the merits. Schexnayder v. Entergy Louisiana, Inc., 04-636 (La.App. 5 Cir. 3/29/05), 899 So.2d 107, 113, writ denied, 05-1255 (La.12/9/05), 916 So.2d 1058. Rather, our task is to examine plaintiffs' legal claims and to determine only whether a class action is the appropriate procedural device in light of established Louisiana criteria. Id.
In the instant case, the trial judge found that plaintiffs' claims meet all of the criteria set forth in LSA-C.C.P. art. 591(A), namely numerosity, commonality, typicality, adequacy of representation, and an objectively definable class. The trial judge also found that the elements of predominance and superiority set forth in LSA-C.C.P. art. 592(B)(3) have been satisfied. On appeal, Citizens contends that the trial judge abused his discretion and was manifestly erroneous in certifying this case as a class action, and it asserts several arguments in support of its position.
Citizens argues that the trial judge erred in finding that "the class certification requirement of commonality (common questions of law and fact predominate over individual issues for purposes of class certification) has been met under La. C.C.P. art. 591(B)(3)." Citizens further argues that the trial court erred in failing to identify specific issues that could be tried class-wide and in failing to consider the many individual issues not subject to common evidence. It contends that each plaintiff's claim must be reviewed on a case-by-case basis to determine whether loss adjustment was initiated in a timely fashion. Citizens further asserts that in Defraites v. State Farm Mut. Auto. Ins. Co., 03-1081 (La.App. 5 Cir. 1/27/04), 864 So.2d 254, writ denied, 04-460 (La.4/29/05), 869 So.2d 832, this Court rejected class certification in insurance "bad faith" penalty cases, because common issues are not predominant in such claims.
First, we find no merit in defendant's argument that the Defraites decision controls the present case, because Defraites is clearly distinguishable. The Defraites case involved claims for diminution in value of vehicles due to involvement in motor vehicle accidents, and also claims for penalties for State Farm's failure to initiate loss adjustment on claims for diminution in value within the time delays set forth in LSA-R.S. 22:658(A)(3). In that case, this Court found that there were "too many individualized variables which come into play in a claim for diminution in value of an automobile accident to make the action appropriate for certification of a class." This Court further found that the claims for statutory penalties did not meet class certification requirements, because there was no evidence that State Farm failed or refused to initiate loss adjustment for numerous claimants for essentially the same reasons. The Court also stated that the entitlement to penalties for violations of R.S. 22:658(A) required a case-by-case analysis in that case.
The Defraites case does not stand for the proposition that claims for failure to comply with statutory obligations to initiate loss adjustment must be assessed on an individual basis in every situation. Each action involves a different set of facts *510 and circumstances. In order to determine whether common questions of law and fact predominate over individual questions, the courts must look to each action and determine which questions predominate in that particular case. This Court did not declare a blanket rule that a class may never be certified in a situation where claimants seek statutory penalties under R.S. 22:658, without comparing the nature and number of questions individual to each claimant with those issues and questions common to the class. Accordingly, because Defraites does not preclude class certification in all claims for statutory penalties under R.S. 22:658, we must look at the facts of the present case to determine if the trial court erred in finding that common questions predominate.
The test for commonality requires only that there be at least one issue the resolution of which will affect all or a significant number of putative class members. Duhe v. Texaco, Inc., 99-2002 (La. App. 3 Cir. 2/7/01), 779 So.2d 1070, 1078, writ denied, 01-637 (La.4/27/01), 791 So.2d 637. The fact that varying degrees of damage may result from the same incident or that class members must individually prove their right to recover does not preclude class certification. Schexnayder v. Entergy Louisiana, Inc., 899 So.2d at 118; Daniels v. Witco Corp., 877 So.2d at 1014. Additionally, the fact that resolution of class actions may place added responsibilities and burden on the trial court should not be allowed to overcome the fact that a class action meeting all of the requirements will facilitate a prompt, efficient, and relatively inexpensive trial of the common issues as opposed to separate cases. Id.
In his reasons for judgment, the trial judge stated that commonality in this case is based on Citizens' alleged failure to initiate loss adjustment within the statutory thirty (30) days and that plaintiffs' allegations are common to all members of the proposed class. The court further noted that trial of plaintiffs' claims would conclude the dispute for all parties and that Citizens' defenses to plaintiffs' claims would likely be the same, thus obtaining res judicata effect on all common issues. After finding that plaintiffs met their burden of proving commonality and the other prerequisites of LSA-C.C.P. art. 591(A), the trial judge found that the questions of law or fact common to the members of the class predominate over questions affecting individual class members. We agree with the trial court.
Plaintiffs in this matter are individuals who suffered damage as a result of Hurricanes Katrina and/or Rita and who contend that Citizens failed to timely initiate loss adjustment after receiving notification of loss. At the class certification hearing, Linda Gentry, Susan Hano, Sylvia Randolph, and John Macera, II, who were proposed class representatives, testified regarding the facts and circumstances of their individual claims. Terry Lisotta, CEO of Citizens, and several individuals involved in claims adjustment for Citizens testified regarding their difficulties in adjusting claims after Hurricane Katrina, such as difficulties in obtaining access to the properties.
The testimony at the certification hearing revealed that all of plaintiffs' claims against Citizens arise from damages caused by the same catastrophic events, i.e. Hurricanes Katrina and/or Rita, allege the same wrongful conduct, i.e. failure to timely initiate loss adjustment, and seek the same type of damages, i.e. penalties for violation of LSA-R.S. 22:658(A)(3). Considering the testimony and evidence regarding these and other common issues, we cannot say that the trial judge erred in finding that common questions of law and *511 fact predominate over individual issues for purposes of class certification. We further see no merit in defendant's argument that the trial judge failed to set forth the class-wide issues or to consider the individual issues not subject to common evidence.
Next, Citizens asserts that the trial judge erred in finding that the class certification requirement of numerosity has been met, where the number of class members is highly speculative. It argues that plaintiffs relate the total number of claimants with the total number of Citizens policies or with those who made claims following Hurricanes Katrina and/or Rita. They state that the fact that a great number of people made claims after the hurricanes does not establish how many people allegedly experienced untimely initiation of loss adjustment.
Generally, a class action is appropriate whenever the interested parties appear to be so numerous that separate suits would unduly burden the courts, and a class action would clearly be more useful and judicially expedient than other available procedures. Galjour v. Bank One Equity Investors-Bidco, Inc., 05-1360 (La. App. 4 Cir. 6/21/06), 935 So.2d 716. Determination of whether this requirement has been fulfilled depends on the facts and circumstances of each individual case. Dumas v. Angus Chemical Co., 25,632, (La.App. 2 Cir. 3/30/94), 635 So.2d 446, 450. No set number of putative plaintiffs has been established in order to fulfill the numerosity requirement for a class action. Id. The determination of numerosity in part is based upon the number of putative class members, but is also based upon considerations of judicial economy in avoiding a multiplicity of lawsuits, financial resources of class members, and the size of the individual claims. Davis v. Jazz Casino Co., L.L.C., 03-5 (La.App. 4 Cir. 1/14/04), 864 So.2d 880, 888, writ denied, 04-572 (La.4/23/04), 870 So.2d 304.
At the class certification hearing, Terry Lisotta testified that Citizens received approximately 65,000 claims following Hurricane Katrina and about 12,000 claims after Hurricane Rita. At a hearing on December 1, 2005, Mr. Lisotta testified that Citizens had 59,000 claims as of that date and that 80% of the claims were still outstanding. In its brief on appeal, Citizens agreed that there were approximately 65,000 Katrina claims and 12,000 Rita claims and stated that, with a $5,000 penalty for each claim under R.S. 22:658, the "worst case scenario" would be a $385,000 tab for the citizens of Louisiana to pay. Although Citizens may not have failed to comply with LSA-R.S. 22:658(A)(3) for many of the claims outstanding at that time, the evidence at the certification hearing was sufficient to fulfill the numerosity requirement. Accordingly, we find no error in the trial court's determination that the numerosity requirement has been met in this case.
Next, Citizens argues that the trial judge erred in certifying a class where judicial economy is not served by class certification. It contends that certifying the class will do nothing to improve judicial efficiency, because each plaintiff will have to prove his individual claims. We find this argument unpersuasive.
The class action is a procedural mechanism with the fundamental objective of securing economies of time, effort, expense for the court and the parties. Bourgeois v. A.P. Green Industries, Inc., 06-87 (La.App. 5 Cir. 7/28/06), 939 So.2d 478, 486. The purpose and intent of the class action procedure is to adjudicate and obtain res judicata effect on all common issues applicable not only to the class representatives who bring the action, but to all others who are similarly situated, provided *512 they are given adequate notice of the pending class action and do not timely exercise their option of exclusion. Id.; Doerr v. Mobil Oil Corp., 01-775 (La.App. 4 Cir. 2/27/02), 811 So.2d 1135, 1141, writs denied, 02-920, 02-938 (La.5/31/02), 817 So.2d 105, 106. The Court must consider whether there are different rights, remedies, and defenses among the parties in order to determine whether it would be more judicially efficient to try the matter as a class action. Stoute v. Wagner and Brown, 93-1207 (La.App. 1 Cir. 5/20/94), 637 So.2d 1199, 1200, writ denied, 94-1665 (La.10/7/94), 644 So.2d 638.
Considering the testimony and evidence, as well as our determination above that the trial judge did not err in finding that common issues predominate over individual issues, we find no merit in Citizens' argument that judicial economy is not served by class certification.
Next, Citizens contends that the trial judge erred in finding that the class certification requirement of superiority has been met, pursuant to LSA-C.C.P. art. 591(B)(3). It contends that plaintiffs failed to provide any evidence that a class action is a superior procedural device for handling plaintiffs' R.S. 22:658(A)(3) claims. Plaintiffs respond that the class action procedure is superior because the prosecution of separate actions would risk inconsistent adjudications and could be dispositive of the interests of members of the class who are not parties to this suit, thereby substantially impairing the ability for them to pursue just adjudication.
When a common character of rights exists, a class action is superior to other available adjudicatory methods for the purpose of promoting the basic goals of a procedural device: 1) implementing the substantive law at issue in the case; 2) providing judicial efficiency in carrying out the substantive law; and 3) insuring individual fairness to all parties involved. Mire v. EatelCorp Inc., 02-1705 (La.App. 1 Cir. 5/9/03), 849 So.2d 608, 614, writ denied, 03-1590 (La.10/3/03), 855 So.2d 317. If the superiority of a class action is disputed, the trial court must inquire into the aspects of the case and decide whether some other procedural device would better serve these goals. Id.
In the present case, each plaintiff's claim involves whether or not Citizens failed to timely initiate loss adjustment under the provisions of LSA-R.S. 22:658(A)(3). There should be uniformity in the application of this law and in consideration of Citizens' defenses, such as difficulty in accessing areas affected by the hurricanes. This uniformity can only be obtained by utilizing the class action procedure. Further, the class action procedure is a superior method under these circumstances to ensure individual fairness and to promote judicial efficiency.
The trial judge apparently believed that the superiority element set forth in LSA-C.C.P. art. 591(B)(3) has been met in this case. Considering the record before us, we cannot say that the trial judge erred infinding that a class action is the superior procedural device in this controversy.
In its final argument on appeal, Citizens asserts that the trial judge erred in adopting a class definition that is vague, indeterminate, and overly broad with regard to who will be in the class. It argues that the class definition in this case is not "precise, objective and presently ascertainable," so the putative class members will not be able to determine if they are class members. Plaintiffs respond that the class definition is clear, concise, and objectively defined.
As stated earlier, the trial judge defined the class as follows:

*513 All present or past insureds of Louisiana Citizens Property Insurance Corporation a/k/a LOUISIANA CITIZENS FAIR PLAN, hereinafter referred to as "LCPIC", who, on or after August 29, 2005, provided notification of loss resulting from Hurricanes Katrina and/or Rita to LCPIC, and whose loss adjustment was not initiated within thirty (30) days after notification of loss.
LSA-C.C.P. art. 591(A)(5) requires that the class be defined objectively in terms of ascertainable criteria, such that the court may determine the constituency of the class for purposes of the conclusiveness of any judgment that may be rendered in the case. The parties seeking certification must be able to establish a definable group of aggrieved persons based on objective criteria derived from the operative facts of the case. Pulver v. 1st Lake Properties, Inc., 98-248 (La.App. 5 Cir. 9/18/96), 681 So.2d 965, 968.
Our review in this case reveals that the class has been defined by objective, ascertainable criteria, and that the Court will be able to determine the constituency of the class in order to make any judgment rendered in this case conclusive. Accordingly, we find no merit in Citizens' argument that the class definition is vague, indeterminate, or overbroad.
In conclusion, we find no manifest error in the trial court's factual findings and no abuse of discretion in the trial judge's determination that this case meets all of the requirements of LSA-C.C.P. art. 591 for certification of this matter as a class action. However, we note that the trial court can re-visit or modify its decision regarding class certification if later developments during the course of trial so require. See Johnson v. E.I. Dupont deNemours and Co., 721 So.2d at 44.
DECREE
For the foregoing reasons, we affirm the trial court's judgment, granting plaintiffs' motion for class certification, defining the class, and naming Geraldine Oubre, Linda Gentry, Susan Hano, Sylvia Randolph, and John Macera, II, as class representatives.
AFFIRMED.
NOTES
[1] The petition was subsequently amended to add additional named plaintiffs who also sought to be named as class representatives.
[2] LSA-R.S. 22:658(A)(3) provides in pertinent part:

. . . . In the case of catastrophic loss, the insurer shall initiate loss adjustment of a property damage claim within thirty days after notification of loss by the claimant. Failure to comply with the provisions of this Paragraph shall subject the insurer to the penalties provided in R.S. 22:1220.
[3] The class certification hearing started on May 2, 2006, but it was stopped the next day when the trial judge recused herself because she and some of her staff realized that they were insured by Citizens. The case was reassigned to three other judges, who also recused themselves, before the case was assigned to the trial judge who rendered the judgment at issue in this appeal.