SUSAN M. CHEHARDY, Judge.
[ 2This is a class action lawsuit that comes before us on appeal of the trial court’s denial of the plaintiffs motion to alter the class definition. We affirm and remand for further proceedings.
FACTS AND PROCEDURAL HISTORY
On July 1, 2002, Robert Defraites’ vehicle was damaged in an accident with a vehicle owned by Oasis Horticultural Services, Inc., operated by an Oasis employee. The Oasis vehicle was insured by State Farm Mutual Automobile Insurance Company. Defraites filed suit on August 2, 2002, alleging that his vehicle sustained damage not only in cost of repairs, but also in diminished value attributable to the vehicle’s involvement in the accident, and that State Farm paid for the costs to repair his vehicle, but failed to pay for the vehicle’s diminished value.
Defraites alleged he made a claim for diminution in value of the vehicle, but State Farm failed to initiate loss adjustment for this item of damages within fourteen days of the notification of loss. De- *764 fraites asserted that State Farm violated the provisions of La. R.S. 22:658(A)(3) and (4) (now La. R.S. 22:1892), and was therefore liable for the amount of diminution in value sustained by | .¡plaintiff as well as damages in the form of penalties pursuant to La. R.S. 22:1220(0 (now La. R.S. 22:1973).[1]
Defraites requested that the suit be certified as a class action on behalf of all similarly situated persons who have made or will henceforth make third-party automobile property damage claims against State Farm and its insureds for damages sustained, in which State Farm failed to pay losses for diminution in value. He named as defendants Oasis, State Farm, and the class of persons insured through State Farm and situated similarly to Oasis, but yet to be identified. His proposed defendant class was to be comprised of the past and future State Farm insureds who are targets of the vehicular property damage claims asserted by members of the putative plaintiffs’ class.
The district court initially certified the matter as a class action. On a prior appeal, however, this Court reversed the certification and remanded the matter for further proceedings. Defraites v. State Farm Mut. Auto. Ins. Co., 03-1081 (La.App. 5 Cir. 1/27/04), 864 So.2d 254, writ denied, 2004-0460 (La.3/12/04), 869 So.2d 832 (hereafter “Defraites I”). In Defraites I we determined that Defraites could not use the class action procedure to seek injunctive and declaratory relief and statutory penalties because the nature of this action does not meet the requirements of La. C.C.P. art. 591(B)(2).
Thereafter Defraites amended his petition, seeking to certify a class to seek injunctive and declaratory relief without a claim for statutory penalties.
State Farm filed a motion to dismiss and also filed an exception of res judicata, citing law-of-the-case doctrine. The trial court denied both the motion to |4dismiss and the exception of res judicata. State Farm sought supervisory review, but this Court denied the writ application, as did the supreme court. Defraites v. State Farm Mut. Auto. Ins. Co., 04-1479 (La.App. 5 Cir. 1/13/05) (unpublished writ disposition), writ denied, 2005-0381 (La.4/29/05), 901 So.2d 1065 and 901 So.2d 1066 (hereafter “Defraites II ”).
The trial court thereafter denied re-certification of the class on the amended petition. Defraites sought review, but the writ application was denied. Defraites v. State Farm Mut. Auto. Ins. Co., 07-261 (La.App. 5 Cir. 5/7/07) (unpublished writ disposition), writ denied, 2007-1196 (La.10/5/07), 964 So.2d 939 (hereafter “Defraites III ”).
Defraites subsequently filed a Motion to Alter the Constituency of the Plaintiff Class and Issues to Be Decided on a Class Wide Basis (hereafter referred to as “Motion to Alter”). Defraites’ Motion to Alter seeks to re-certify one plaintiff class for declaratory and injunctive relief under La. C.C.P. art. 591(B)(2), based on violation of La. R.S. 22:1892(A)(4) caused by State Farm’s alleged methodical failure to make written offers to settle third-party diminished value property damage claims within *765 30 days after receipt of satisfactory proofs of loss.[2]
According to Defraites, “[t]he Motion to Alter raises substantive issues as to whether State Farm’s practices regarding diminished value claims violates La. R.S. ]s22:1892 A(4), only. Class wide relief is restricted to written offers to settle. Class claims for La. R.S. 22:1892 A(3) initiation of loss adjustment of diminished value and for La. R.S. 22:1973 C statutory penalties as well as compensatory damages are removed.” Defraites asserts these limitations are sufficient to make the altered constituency an appropriate class.
Defraites seeks a declaration that State Farm has a legal duty to adjust for the diminished value of a vehicle once State Farm has been provided notice of a loss claim, i.e., a cost-of-repair estimate for each putative class member. Defraites relies on Louisiana law providing that diminution in value of a vehicle involved in an accident is an element of recoverable damages if sufficiently established.
The trial court rendered judgment denying the Motion to Alter as follows:
The Court finds that the essence of the proposed class definition remains unchanged. This Court’s holding follows the Fifth Circuit’s earlier decision in this case when it stated that, “Louisiana law does not presume that there is inherent diminution in value involved in every automobile accident.”[3]
That ruling is the subject of this appeal.[4]
ASSIGNMENTS OF ERROR
Defraites assigns the following as errors: (1) the trial court abused its discretion in denying class certification because it resulted from a misapplication of La. R.S. 22:1892(A) and was an unwarranted departure from the guidance offered in *766 Defraites I and Defraites II; (2) the trial court abused its discretion because all prerequisites identified in La. C.C.P. art. 591(A) are satisfied and State Farm’s systematic violation of La. R.S. 22:1892(A)’s statutory protections |fiqualifíes as a refusal to act on grounds applicable to the entire class, making declaratory and/or injunctive relief appropriate to the class as a whole, as contemplated by La. C.C.P. art. 591(B)(2).
Defraites argues the Motion to Alter raises substantive issues as to whether State Farm’s practices regarding diminished value claims violates La. R.S. 22:1892(A)(4) only. He asserts that class-wide relief is restricted to written offers by State Farm to settle, while class claims for initiation of loss adjustment of diminished value and for statutory penalties as well as compensatory damages are removed.
In opposition State Farm asserts the judgment must be affirmed because there is no abuse of discretion. State Farm contends that Defraites’ substantive claims, underlying premise of the class, and demands for relief remain unchanged and that Defraites I is controlling. Further, State Farm argues, not only the two district court judges who have made rulings, but also this Court, have found De-fraites’ claims improper for class certification, because the putative plaintiffs’ class does not meet the requirements of La. C.C.P. arts. 591(A) and 591(B)(2).
LAW AND ANALYSIS
The substantive statute under which De-fraites now makes his claims is La. R.S. 22:1892, which governs payment and adjustment of personal vehicle damage claims. Specifically, La. R.S. 22:1892(A)(4) states, “All insurers shall make a written offer to settle any property damage claim, including a third-party claim, within thirty days after receipt of satisfactory proofs of loss of that claim.” He no longer asserts class claims under La. R.S. 22:1973,[5] which governs claims ^settlement practices and the insurer’s good faith duty to adjust claims fairly, and provides penalties for the insurer’s failure to comply.
The substantive claims are not before us on this appeal, except as they relate to the suitability of the claims for class action.
*767 In reviewing a trial court’s ruling-regarding class certification, the task of the appellate court is to examine the legal claims and to determine only whether a class action is the appropriate procedural device under established criteria. Oubre v. Louisiana Citizens Fair Plan, 07-66, pp. 6-7 (La.App. 5 Cir. 5/29/07), 961 So.2d 504, 509, writ denied, 2007-1329 (La.9/28/07), 964 So.2d 363. Hence, the reviewing court does not consider whether the claims state a cause of action or have substantive merit or whether the plaintiffs will ultimately prevail on the merits. Id.
The trial court’s certification of a class action is subject to a bifurcated standard of review: The factual findings are reviewed under the manifest error/clearly wrong standard, but the judgment on whether or not to certify the class is reviewed by the abuse of discretion standard. Oubre, 07-66 at 6, 961 So.2d at 508.
Class action procedure in Louisiana is governed by La. C.C.P. art. 591, et seq. La. C.C.P. art. 591 provides:
|8A. One or more members of a class may sue or be sued as representative parties on behalf of all, only if:
(1) The class is so numerous that join-der of all members is impracticable.
(2) There are questions of law or fact common to the class.
(3) The claims or defenses of the representative parties are typical of the claims or defenses of the class.
(4) The representative parties will fairly and adequately protect the interests of the class.
(5) The class is or may be defined objectively in terms of ascertainable criteria, such that the court may determine the constituency of the class for purposes of the conclusiveness of any judgment that may be rendered in the case.
B. An action may be maintained as a class action only if all of the prerequisites of Paragraph A of this Article are satisfied, and in addition:
(1) The prosecution of separate actions by or against individual members of the class would create a risk of:
(a) Inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
(b) Adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or
(2) The party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
(3) The court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to these findings include:
|9(a) The interest of the members of the class in individually controlling the prosecution or defense of separate actions;
(b) The extent and nature of any litigation concerning the controversy already commenced by or against members of the class;
(c) The desirability or undesirability of concentrating the litigation in the particular forum;
*768 (d) The difficulties likely to be encountered in the management of a class action;
(e) The practical ability of individual class members to pursue their claims without class certification;
(f) The extent to which the relief plausibly demanded on behalf of or against the class, including the vindication of such public policies or legal rights as may be implicated, justifies the costs and burdens of class litigation; or
(4) The parties to a settlement request certification under Subparagraph B(8) for purposes of settlement, even though the requirements of Subpara-graph B(3) might not otherwise be met.
C. Certification shall not be for the purpose of adjudicating claims or defenses dependent for their resolution on proof individual to a member of the class. However, following certification, the court shall retain jurisdiction over claims or defenses dependent for their resolution on proof individual to a member of the class.
In order to obtain class certification, a plaintiff must meet all of the requirements of La. C.C.P. art. 591(A)— namely, numerosity, commonality, typicality, adequacy of representation, and an objectively definable class — and also satisfy one of the subsections of Article 591(B). Oubre, 07-66 at p. 6, 961 So.2d at 508. The burden of establishing that the statutory criteria are met falls on the party seeking to maintain the action as a class action. Id.
|;nA trial court has great discretion in deciding whether to certify a class, and its decision will not be overturned absent manifest error. Defraites I, 03-1081 at p. 6, 864 So.2d at 259.
Assignment of Error No. 1 — Error of Law
Defraites’ first assignment is that the trial court misapplied La. R.S. 22:1892(A) and departed from prior rulings in this case. He contends State Farm unlawfully refuses to consider diminished value as part of a property damage claim, even after receiving satisfactory proof of a diminished value loss, unless the claimant expressly requests diminished value. He asserts the requirement of La. R.S. 22:1892(A)(3) regarding the insurer’s duty to initiate loss adjustment of a property damage claim within a certain number of days after notification of loss refers to the entire claim resulting from a loss-causing event. He contends,
[T]he initial receipt of notice by an insurer of a property damage claim raises all elements of the property damage loss — including diminished value. Thus, initiation of loss adjustment of any of the various parts of a property damage claim by State Farm, (such as cost of repair, or loss of use, or diminished value), satisfies the insurer’s duty to perform under La. R.S. 22:1892 A(3), and is acknowledgment of notice by the insurer of all property damage attributable to the loss causing event, thus obviating the need of the claimant to re-notice the insurer of each element of property damage as proofs of loss for various parts of the “entire” claim are obtained by the insurer.
The question is whether Defraites’ proposed “altered” class definition presented any facts or law that would warrant a result different from the prior class denial decisions. We find no basis to overrule the district court’s decision.
The law of the case principle is a discretionary guide which relates to (a) the binding force of a trial judge’s ruling during the later stages of trial, (b) the conclusive effects of appellate rulings at *769 trial on remand, |nand (c) the rule that an appellate court ordinarily will not reconsider its own rulings of law on a subsequent appeal in the same case. It applies to all prior rulings or decisions of an appellate court or the supreme court in the same case, not merely those arising from the full appeal process. The reasons for the law of the case doctrine is to avoid relitigation of the same issue; to promote consistency of result in the same litigation; and to promote efficiency and fairness to both parties by affording a single opportunity for the argument and decision of the matter at issue. [Citations omitted.]
Shaffer v. Stewart Const. Co., Inc., 03-971, pp. 7-8 (La.App. 5 Cir. 1/13/04), 865 So.2d 213, 218. We find the law of the case principal is applicable here with respect to the effect of Defraites I.
In each of the proceedings, Defraites has alleged that the cost of repair estimate contained in State Farm’s files constitutes sufficient proof of loss of third-party diminished value. In each of the proceedings, Defraites has demanded a declaratory judgment requiring State Farm to make an automatic offer of settlement for non-repair-related diminished value upon receipt of the cost of repair estimate. On remand after the first appeal, Defraites tried to escape the Defraites I effects by dropping the claim for statutory damages. He did not, however, alter the substantive allegations. Further, the Defraites I decision had already found that the claims for declaratory and injunctive relief could not satisfy the requirements of La. C.C.P. art. 591(B)(2).
Similarly, Defraites’ Motion to Alter, which removed the request for class-wide relief under La. R.S. 22:1892(A)(3) and instead pursued relief only under La. R.S. 22:1892(A)(4), does not alter the jurisprudence or invalidate the holding in Defraites I. The proposed alteration does not affect the prior holdings that the claim for relief under paragraph (A)(4) does not meet the tests for class certification.
| i2The proposed altered definition does not change the determination that third-party diminished value claims require individualized evaluation and proof. The issue whether proof of loss is sufficient to trigger duties under La. R.S. 22:1892(A)(4) requires individualized, fact-based assessments. As before, there are too many individualized variables in a claim for diminution of value in an automobile accident case to make the action appropriate for class certification.
Defraites’ rebanee on Chalona v. La. Citizens Prop. Ins. Corp., 08-257 (La.App. 4 Cir. 6/11/08), 3 So.3d 494, 503, and Oubre v. Louisiana Citizens Fair Plan, 07-66 (La.App. 5 Cir. 5/29/07), 961 So.2d 504, is misplaced. Chalona is distinguishable because the putative class members were first-party insureds who asserted claims for hurricane damages. No questions of fault existed, the damages to all putative class members allegedly stemmed from a single catastrophic event, and the date of loss was the same for all claims. In contrast, here Defraites seeks to aggregate claims for vehicles that have different ages, types, pre-accident conditions, and severity of accident damage that occurred on different dates, at different locations, under different conditions, and some of which involve issues of fault. Further, here the proposed class would include claimants who were paid the estimated cost of repair but who never requested payment for diminished value. In Oubre, like Chalona, the putative claim members were first-party insureds, with hurricane claims.
Defraites provided no new factual evidence on the motion to alter that refutes Defraites I’s conclusion that State Farm *770 “recognizes a third party’s claim for diminution in value, and its decisions and actions as to each claim are specific to the facts and circumstances of each individual claim.” Defraites I, 03-1081 at p. 13, 864 So.2d at 262.
lisDespite the amendment that removes class claims for statutory penalties and for compensatory damages, we find the ruling in Defraites I is controlling.
Assignment of Error No. 2 — Abuse of Discretion
In his second assignment, Defraites asserts the trial court abused its discretion in failing to find that all the requirements of La. C.C.P. art. 591(A) are satisfied, and that State Farm’s violation of La. R.S. 22:1892(A) qualifies as a refusal to act on grounds applicable to the entire class.
A March 22, 2007 ruling by a prior judge on this case, Judge Ross LaDart, addressed these issues individually in denying Defraites’ Second Motion to Certify Action as a Class Action and Motion to Recognize Original Plaintiff Class. This Court and the supreme court denied Defraites’ application for supervisory writs. Defraites III, supra.[6]
The March 22, 2007 ruling held that the proposed class definition failed to satisfy the four of the five requirements of La. C.C.P. 591(A) — specifically, the requirements for commonality, typicality, adequacy of representation, and an objectively definable class.[7]
Defraites argues that these requirements are satisfied, as follows:
Commonality: La. C.C.P. art. 591(A)(2) requires there be “questions of law or fact common to the class.” Defraites asserts there are common questions of law, specifically (a) whether the repair estimate contained within each putative plaintiffs third-party claim file possessed by State Farm is satisfactory proof of loss of non-repair related diminished value under La. R.S. 22:1892(A)(4); (b) whether State Farm owes a statutory duty under La. R.S. 22:1892(A)(4) to make a | uwritten offer of settlement for non-repair related diminished value losses within thirty days after receipt of a third-party property damage claimant’s repair estimate. De-fraites contends the commonality requirement is satisfied by the class pleading an application of a statewide statutory duty owed to them as third-party claimants under La. R.S. 22:1892(A)(4).
Typicality: La. C.C.P. art. 591(A)(3) requires that the claims or defenses of the representative parties are typical of the claims or defenses of the class. Defraites asserts,
The altered class, unlike the amended petition class, precludes analysis of individual issues of fault. Instead, membership in the altered class is conditioned upon State Farm already having determined and accepted liability for property damage to vehicles owned by Defraites ’ class members. The altered class will not require the court to decide on an individual basis, or on a class-wide basis, whether diminished value losses occurred — rather, the court will only decide whether information universally provided in the repair estimates is satisfactory proof of diminished value. [Footnote omitted.]
*771 Defraites argues that he satisfies typicality because State Farm has subjected him and each member of the putative class to the same alleged unlawful treatment: failing to make a written offer of settlement for diminished value losses.
We find these issues are still within the rulings in Defraites I, swpra, in which we stated:
Claims for diminution in value as well as claims for failure to comply with statutory obligations to initiate loss adjustment must be assessed on an individual basis....
Under the circumstances presented here, we conclude that plaintiffs claims fail to meet the requirements of La. C.C.P. art. 591(A). Rather, the evidence presented in this case indicates that individual adjudication of plaintiffs claims is required. In order to grant the in-junctive and declaratory relief plaintiff requests, the trial court will have to examine each |,¡-putative class member’s claim and make separate, fact-based determinations on the following issues:
1) whether the State Farm insured was at fault in the accident;
2) whether a diminution in value in the vehicle occurred;
3) whether State Farm violated its statutory obligation to initiate loss adjustment and offer settlement; ...
In sum, we conclude that there are too many individualized variables which come into play in a claim for diminution in value in an automobile accident case to make the action appropriate for certification of a class.
Defraites /, 03-1081 at pp. 11-13, 864 So.2d at 261-262.
Adequacy: La. C.C.P. art. 591(A)(4) requires that the representative parties will fairly and adequately protect the interests of the class. Defraites asserts he is an adequate class representative because he is president of a business, has been deposed in this action, is involved in meetings with attorneys and experts in this litigation, has vigorously protected the claims of the class, has no conflicting interests, and has kept abreast of the legal aspects. He also asserts his attorney is adequate legal counsel to the plaintiff class.
The test often used for adequate representation consists of three elements: (1) the chosen class representatives cannot have antagonistic or conflicting claims with other members of the class; (2) the named representatives must have a sufficient interest in the outcome to insure vigorous advocacy; and (3) counsel for the named plaintiffs must be competent, experienced, qualified, and generally able to conduct the proposed litigation vigorously.
Conrad v. Lamarque Ford, Inc., 08-673, p. 20, (La.App. 5 Cir. 5/12/09), 13 So.3d 1154, 1166, writ denied, 2009-1819 (La.11/6/09), 21 So.3d 310.
Here, however, Defraites is not an adequate class member because the evidence showed that his claim was settled; he repaired his car for less than the | lfiamount paid in settlement; and he subsequently sold the car to a dealer. The dealer testified that the price paid for the vehicle was not reduced because of the vehicle’s having been in an accident; the repairs were considered to sufficiently restore the vehicle. Thus, State Farm would have defenses specific to Defraites’ individual claim that would make Defraites an inadequate class representative.
Objectively Definable Class: La. C.C.P. art. 591(A)(5) requires, “The class is or may be defined objectively in terms of ascertainable criteria, such that the court may determine the constituency of the class for purposes of the conclusiveness of *772 any judgment that may be rendered in the case.”
Defraites contends his altered definition provides a sufficient basis to determine the scope of the proposed class and propriety of permitting maintenance of the class. The definition is as follows:
[Tjhose persons who own or owned vehicles that sustained damage caused by an act or omission of a State Farm insured occurring within the State of Louisiana, where State Farm has paid or accepted liability for the costs of repair of physical damage and not yet exhausted its limits of coverage, but restricted to those instances where State Farm failed to make a written offer of settlement for non-repair related diminished value losses within thirty days of its receipt of a repair estimate, and, affecting only those persons who sustained damage to a vehicle during that period of time extending from and including August 3, 2001, until the present, and prior to August 3, 2001, in those instances where prescription has been interrupted or suspended, but excluding those persons who:
1) are currently involved in litigation outside of this action seeking vehicular property damages,
2) have property damage claims that are prescribed,
3) have property damage claims that are barred by res judicata,
4) have property damage claims for non-repair related diminished value losses that have been reduced to judgment, or settled by transaction or compromise, and/or,
5) owned vehicles deemed a total loss caused by the incident giving rise to the property damage claim.
|17Because of the nature of the underlying substantive claims, even to determine correct membership, the district court would have to make a series of determinations about liability, damages, and statutory compliance by reviewing thousands of claim files. Thus, we find that here to the proposed “altered” class is not readily definable.
Requirements of Art. 591(B)(2): La. C.C.P. art. 591(B) provides, in pertinent part:
An action may be maintained as a class action only if all of the prerequisites of Paragraph A of this Article are satisfied, and in addition: ...
(2) The party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole....
Defraites argues that Article 591(B)(2) certification is appropriate because its requirements are met when the primary relief sought is declaratory or injunctive, and the class as a whole is generally affected by a practice of the opposing party, citing Bolin v. Sears, Roebuck and Co., 231 F.3d 970, 957 (5th Cir.2000). Defraites asserts the altered class satisfies the both prongs of the test because (1) the only class-wide relief presently sought is declaratory and injunctive relief, and the amended petition unequivocally excludes all class-wide claims for monetary damages; (2) the common injury suffered by Defraites’ class as a whole is State Farm’s systemic practice of refusing to recognize its repair estimates are satisfactory proof of loss for diminished value and its attendant failure to act as mandated by La. R.S. 22:1892(A)(4).
Defraites argues that all the class-wide relief sought here is provided by La. R.S. 22:1892(A)(4), and does not focus on varying circumstances of each claimant or the merits of each claim. He states, “State *773 Farm is in possession of a repair | ^estimate for each class member, and every repair estimate contains the same uniform categories of data, thus, only one declaratory judgment on a class wide basis is needed to decide whether the repair estimate is satisfactory proof of diminished value losses.” (Emphasis in original.)
Defraites states that even after receiving “notice of the entire property damage claim and after being provided with sufficient information to evaluate diminished value losses, State Farm’s policy is to completely avoid discussion of diminished value until a claimant makes an express request for diminished value.” Defraites cites the testimony of State Farm adjusters taken prior to the first appeal to the effect that “State Farm does not disclose diminished value losses to third party claimants because ‘... it is not in the interest and benefit of our policy holder for us to advise a third-party claimant about potential claims.’ ” (Emphasis in original.)
Defraites argues that State Farm’s practice is illogical because there are no “potential claims” to hide; he asserts, “Upon receipt of satisfactory proof of loss for each element of property damage (here diminished value), the statutory time period to make written offer to settle commences without further action by the claimant.” Defraites contends that State Farm’s “universal failure to adequately train Louisiana adjusters to recognize and adjust diminished value makes appropriate the request for final injunctive relief and corresponding declaratory relief with respect to the class as a whole, pursuant to La. C.C.P. art. 591(B)(2).”
We find there is no evidence that State Farm has failed to act toward the putative class members for essentially the same reason:
Rather, the evidence indicates the opposite. State Farm introduced evidence that it recognizes a third party’s claim for diminution in value, and its decisions and actions as to each claim are specific to the facts and circumstances of each individual claim. Because the 119circumstances of each claim against State Farm will be varied, certification of a class pursuant to article 591(B)(2) is not appropriate.
Defraites I, 03-1081 at p. 5, 864 So.2d at 262. Accordingly, the proposed altered class does not satisfy La. C.C.P. art. 591(B)(2).
Considering the above, we find no basis on which to change the trial court’s decision.
DECREE
For the foregoing reasons, the judgment is affirmed and the matter is remanded for further proceedings. Costs of this appeal are assessed against the plaintiff, Robert Defraites.

AFFIRMED AND REMANDED.

WICKER, J., concurring with reasons.

. This lawsuit was filed in 2002. In 2008 the Legislature renumbered both these statutes by Acts 2008, No. 415, § 1, eff. Jan. 1, 2009. La. R.S. 22:658 became La. R.S. 22:1892 and La. R.S. 22:1220 became R.S. 22:1973. Although plaintiffs cause of action arose under the previous statute numbers, we use the new numbers in this opinion because the paragraphs applicable to this case were not changed by the renumbering. Compare Guillory v. Lee, 2009-0075, p. 5 n. 5 (La.6/26/09), 16 So.3d 1104, 1111 n. 5.

. The Motion to Alter defined the proposed constituency as follows:
[Tjhose persons who own or owned vehicles that sustained damage caused by an act or omission of a State Farm insured occurring within the State of Louisiana, where State Farm has paid or accepted liability for the costs of repair of physical damage and not yet exhausted its limits of coverage, but restricted to those instances where State Farm failed to make a written offer of settlement for non-repair related diminished value losses within thirty days of its receipt of a repair estimate, and, affecting only those persons who sustained damage to a vehicle during that period of time extending from and including August 3, 2001, until the present, and prior to August 3, 2001, in those instances where prescription has been interrupted or suspended, but excluding those persons who:
1) are currently involved in litigation outside of this action seeking vehicular property damages,
2) have property damage claims that are prescribed,
3) have property damage claims that are barred by res judicata,
4) have property damage claims for non-repair related diminished value losses that have been reduced to judgment, or settled by transaction or compromise, and/or,
5) owned vehicles deemed a total loss caused by the incident giving rise to the property damage claim.

. The court cited Defraites I, 03-1081 at p. 10, 864 So.2d at 261.

. Defraites sought review of the denial of the Motion to Alter via writ application. This Court granted the application for the limited purpose of ordering the district court to treat the notice of intent as to seek supervisory writs as a petition for appeal. Defraites v. State Farm Mut. Auto. Ins. Co., 09-642 (La.App. 5 Cir. 9/24/09) (unpublished writ disposition). Because a judgment concerning class certification is appealable of right, and we determined that a full review of the entire record is necessary, we found that substantial justice and judicial economy would be better served by an appeal. Id., 09-642 at p. 5.

. La. R.S. 22:1973 states, in pertinent part:
A. An insurer ... owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A:
(1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.
[[Image here]]
(5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.
[[Image here]]
C.In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater.

. In that writ ruling we stated, "We find no error in the ruling of the trial court denying plaintiff's Second Motion to Certify Class Action and Motion to Recognize Original Plaintiff Class. La. C.C.P. art. 591; See also, Defraites v. State Farm Mut. Auto. Ins. Co., 03-1081 (La.App. 5 Cir. 1/27/04), 864 So.2d 254, writ denied, 04-460 (La.3/12/04), 869 So.2d 832.”

. There is no dispute that the proposed class satisfies the numerosity requirement.